(12 Misc. Rep. 186.)

## FITZGERALD et al. v. RIGHTMEYER et al.

(Supreme Court, Special Term, Albany County.   May 8, 1895.)

COUNTERCLAIM—PLEADING—REPLY.

A reply which denies a counterclaim in the answer, and sets up a separate and distinct cause of action to that alleged in the complaint, though of the same nature, is practically a counterclaim to a counterclaim, and is not authorized by the Code of Civil Procedure.

Action by James J. Fitzgerald and others against J. Clarence Rightmeyer and others for goods sold and delivered.   Defendants move to strike out that portion of the reply which sets up separate and distinct causes of action.   Motion granted.

James J. Fitzgerald, for plaintiffs.
Duntz & Aldcraft, for defendants.

HERRICK, J.   The complaint is for goods sold and delivered. The answer consists of a general denial and of a counterclaim against the plaintiffs for the use of vehicles furnished to the plaintiffs.   The reply to the counterclaim consists of a denial, and also of a further and additional claim to that set forth in the complaint, for goods sold and delivered, and work, labor, and service, being separate and distinct causes of action to that set up in the complaint, but of the same nature; and the motion is to strike out that portion of the reply which sets up separate and distinct claims for goods sold and delivered, and for work, labor, and services, in opposition to the counterclaim in the defendants' answer.   Practically, this is a counterclaim to a counterclaim, and is unauthorized by the Code.   In our system of practice, the only pleadings allowed are those designated in the Code of Civil Procedure.   The only reply authorized to a counterclaim is a denial thereof, or the pleading of new matter not inconsistent with that already set forth in the complaint, constituting a defense to the counterclaim.   A distinction has always been recognized between a defense and a counterclaim. New matter in a reply, which is not inconsistent with the complaint, and which constituted a separate and distinct cause of action against the defendant, in the orderly and regular course of pleading, has no place in the reply, but should be embraced in the complaint; otherwise, no pleading being authorized in answer to a reply, we would have the case of a cause of action being alleged and prosecuted against a defendant, to which he could make no answer, either to admit, deny, or set up any affirmative defense to it.   It is unnecessary to refer to the ragged and irregular way of presenting the plaintiffs' case upon the trial that would result from permitting this kind of pleading.

The motion is granted, with $10 costs.