CHARLES L. EIDLITZ, Respondent, *v.* JACOB ROTHSCHILD, Appellant, Impleaded with Others.

87  243
22ap476
87h      243⌐
77 AD⁶314

*Pleading — office of a reply — cannot be inconsistent with the complaint nor be used to amend it.*

A reply may only set forth new matter, not inconsistent with the complaint, constituting a defense to the counterclaim.

A reply cannot be employed for the purpose of amending a complaint, nor can it be used to introduce a new cause of action.

An action was brought upon a written contract to do certain electrical work in a hotel, and the contract was made a part of the complaint, in which the plaintiff also demanded a certain sum for extra work.

The defendant, by his answer, set up the same written contract, adding the plans and specifications, and then set up a counterclaim based upon the non-performance of the contract and the defective execution of the work, to which the plaintiff replied in substance that, under a clause of the contract permitting it, the parties modified the specifications, that alterations were made, and that these were an expense to the plaintiff and constituted his claim for extra work.

Upon a motion to strike out this part of the reply,

*Held,* that the reply attempted to set up a contract different from that originally alleged in the complaint, was inconsistent with the complaint and should be stricken out.

APPEAL by the defendant, Jacob Rothschild, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of March, 1895, denying his motion to strike out certain parts of the plaintiff's reply.

The plaintiff alleged in his complaint that he had done certain extra work and furnished materials therefor of the value of $529, no part of which had been paid.

In his reply he alleged that alterations had been made in the specifications, and that the alterátions made were a source of expense to him and constituted his claim for extra work.

*Charles B. Reid,* for the appellant.

*Ernest F. Eidlitz,* for the respondent.

O'BRIEN, J. :

This action was brought to foreclose a mechanic's lien. The plaintiff, who was an electrical contractor, entered into a written contract with the appellant Rothschild on or about October 25, 1893, whereby he agreed to furnish the electrical light plant for the Hotel Majestic at a certain price. The complaint alleges performance of this contract, with the exception of certain work which plaintiff was prevented from doing, owing to his wrongful ejection from the premises by defendant. The written contract is annexed to the complaint marked Exhibit A, and made a part thereof. The defendant, by his answer, puts in issue almost all the material allegations of the complaint, admitting only the making of the contract, and also annexes the written contract marked Exhibit A, and a specification marked Exhibit B. The answer further sets forth a counterclaim, in which defendant alleges " that an agreement was made between the plaintiff and this defendant, dated on or about the 25th day of October, 1893. That said agreement was duly executed by the parties thereto on or about its date, and was the only agreement between said parties relative to the work to be done on or about the premises, referred to in said agreement." The damages in the counterclaim are based upon the non-performance and defective performance of certain work by the plaintiff. To this counterclaim plaintiff made a reply, alleging that the contract contained a provision that should the owner request any alterations he should be at liberty to do so ; that during the progress of the work defendant Rothschild desired certain changes in the specifications and drawings, and in many instances such changes were rendered necessary by reason of errors in said drawings and specifications; that on or about the 21st of February, 1894, defendant Rothschild directed plaintiff to make such changes as he should find necessary for the improvement and perfection of the work, and that by the direction

and with the consent of said defendant Rothschild, and in accordance with the contract, a number of alterations which are set forth were made ; that the contract set forth in the amended answer was the only contract made by the plaintiff with the defendant Rothschild, but "that as to the specifications and drawings, they were changed as provided in said contract and as above stated."

So much of the reply as is thus indicated the appellant moved to strike out, upon the grounds (1) that such portion is irrelevant and redundant ; (2) that it is new matter inconsistent with the complaint ; and (3) that it is new matter not constituting a defense to the counterclaim.

By the Code of Civil Procedure (§ 514) a reply may only set forth new matter, not inconsistent with the complaint, constituting a defense to the counterclaim. Here the counterclaim is for damages for failure of the plaintiff to carry out his contract. The new matter contained in the reply sets up that, under a provision of the contract permitting it, the specifications were modified by an arrangement between the parties by which alterations consisting of additions and omissions were made in the work, for the failure to supply which omissions the defendant Rothschild in his counterclaim seeks to recover damages. It may well be that had the defendant Rothschild brought an action for damages against the plaintiff for failure to perform his contract the new matter contained in the reply would be a good defense. But where, as here, the plaintiff sues upon a definite contract, which is in writing and is made a part of the complaint, and then alleges performance of this contract, with certain exceptions which are not material in this discussion, without any allegation as to alteration or modification in the specifications of the work to be done thereunder, and the defendant answers, and, by way of counterclaim, seeks to recover damages for a failure so to perform the contract, new matter in a reply which seeks to change the contract sued upon and to plead an entirely different contract is clearly inconsistent with the complaint and the theory upon which the plaintiff's cause of action is based. We have been referred to no authority permitting it, nor in any system of pleading having regard to logic would it be permitted to amend a complaint by means of a reply. Here the complaint alleges performance of one contract and the defendant counterclaims, alleging a failure to perform certain pro-

visions·thereof, and it is inconsistent for the plaintiff then to come in by way of reply and set up another and different contract. As said, a reply cannot be resorted to for the purpose of amending a complaint, nor is it within its province thereby to introduce a new cause of action. This, if desirable, is to be secured by an amendment of the complaint.

We think that the criticisms made to the reply are justified, and that the motion to strike out the portion referred to should have been granted.

The order is accordingly reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.