---

(22 App. Div. 475.)

### WM. H. FRANK BREWING CO. v. HAMMERSEN.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. PLEADING—REPLY—INCONSISTENT MATTER.

In an action to recover money paid out at defendant's request, and hence based on a contract, the plaintiff cannot, in reply to a counterclaim, set up a claim in tort for damages arising out of false representations by defendant which induced plaintiff to pay the money in question, for such a claim is inconsistent with the complaint.

2. SAME.

Assuming that irrelevant or redundant matter in a reply, if it constitutes an entire count, cannot be stricken out on that ground, under Code Civ. Proc. § 545, yet if it also constitutes, under Code Civ. Proc. § 514, new matter which is inconsistent with the complaint, it may be stricken out for that reason.

Appeal from special term, Kings county.

Action by the Wm. H. Frank Brewing Company against August Hammersen. From an order striking out a portion of plaintiff's reply as irrelevant, and as new matter inconsistent with the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

M. Hallheimer, for appellant.

Bernard J. Isecke, for respondent.

WILLARD BARTLETT, J. The Code of Civil Procedure provides that irrelevant, redundant, or scandalous matter in a pleading may be stricken out, upon the motion of a person aggrieved thereby. Code Civ. Proc. § 545. In the case of Goodman v. Robb, 41 Hun, 605, however, the general term of the Fifth department expressed the opinion that an entire count in a pleading could not be stricken out, as irrelevant or redundant, under this section of the Code. If that view be correct, the order under review cannot be sustained, so far as it is based upon irrelevancy or redundancy, for it assumes to strike out the whole of the first subdivision or count of the reply. But there is another ground upon which I think the order can be upheld, and that is the inconsistency between that portion of the reply and the complaint. Where new matter is set forth in a reply, it must be new matter not inconsistent with the complaint. Code Civ. Proc. § 514. If this requirement is disregarded, and inconsistent matter is pleaded, the defendant may have it stricken out on motion. Eidlitz v. Rothschild, 87 Hun, 243, 33 N. Y. Supp. 1047; Fitzgerald v. Rightmeyer, 12 Misc. Rep. 186, 33 N. Y. Supp. 593. As I understand these decisions, they proceed upon the assumption that the power to strike out new matter not consistent with the complaint exists irrespective of the express authority conferred by section 545 of the Code. The plaintiff corporation sues, as the assignee of one Mausman, to recover $211.44, which it claims was paid out by the said assignor at the request of the defendant, who promised, but has failed, to repay the same upon demand. The answer sets up three counterclaims arising out of contract, and it is to these that the first subdivision or count of the reply is directed. In that part of the reply we find averments tending to show a claim against the defendant, not simply for money paid out at his request, as alleged in the complaint, and hence constituting a cause of action on contract merely, but a claim for damages arising out of false representations on the part of the defendant, inducing the payment of the money. Here we have an attempt to plead a cause of action based on fraud, the effect of which, if such a course were permissible, would be to amend the complaint by means of the reply so as to change a cause of action on contract to a cause of action sounding in tort. I do not think such pleading can be regarded as a compliance with section 514 of the Code of Civil Procedure.

The order of the special term should be affirmed. All concur.