<hr/>

(137 App. Div. 313.)

## YOUNG v. DRESSER.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

PLEADING (§ 180*)—REPLY—NEW CAUSE OF ACTION.

Under Code Civ. Proc. § 514, the reply cannot set up a cause of action different from that alleged in the complaint, and, where the complaint alleged that defendant lawfully obtained possession of certain securities belonging to plaintiff, and subsequently converted them by failure to deliver them on demand, a reply alleging fraud in obtaining possession of them was bad as being inconsistent with the cause of action alleged in the complaint and stating a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 358, 361; Dec. Dig. § 180.*]

Appeal from Special Term, New York County.

Action by John W. Young against D. Le Roy Dresser. From an interlocutory judgment overruling a demurrer to part of the reply, defendant appeals. Reversed and demurrer sustained, with leave to serve amended reply on terms.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Frank Sullivan Smith (Claude W. Gould, of counsel), for appellant.
Edward K. Sumerwell, for respondent.

CLARKE, J. The complaint is for the conversion of certain bonds and stock. The answer for a third separate and distinct defense sets up a discharge in bankruptcy. The reply to the said third separate and distinct defense alleges that the defendant obtained possession of the securities by fraud and false and fraudulent pretenses and representations. To this portion of the reply the defendant demurs on the ground that it is insufficient in law on the face thereof, and, the demurrer having been overruled, appeals.

It is conceded upon the briefs of both parties that the discharge in bankruptcy is a complete defense to the cause of action set up in the complaint, to wit, conversion. They also admit that the facts set up

in the reply, if established, would completely answer the defense of the discharge in bankruptcy. Section 514, Code Civ. Proc., stating what a reply may contain, provides:

"And it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counterclaim.".

The appellant contends that, as the complaint alleges the lawful obtaining of the securities by the defendant and a subsequent conversion by failure to deliver upon demand, the reply, which alleges fraud, deceit, and false pretenses in the obtaining possession of the securities, sets up new matter inconsistent with the complaint, and violates the rule of pleading laid down in the section quoted.

The Supreme Court of the United States in Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, said:

"We are, therefore, of opinion that if a debt originates or is founded upon an open account or upon a contract, express or implied, it is provable against the bankrupt's estate, though the creditor may elect to bring his action in trover as for a fraudulent conversion, instead of upon assumpsit for a balance due upon account."

That was a case where the defendants purchased under the instructions of the plaintiff certain stocks and opened an account with him and subsequently without the knowledge of the plaintiff, sold those stocks, and thereby converted them to their own use. The court said further:

"It is evident that the plaintiff might have sued them in an action on contract, charging them with the money advanced and the value of the stock, or in an action of trover based upon their conversion. For reasons above given, we do not think his election to sue in tort deprived his debt of its provable character."

The Court of Appeals in Tindle v. Birkett, 183 N. Y. 267, 76 N. E. 25, quoted and followed Crawford v. Burke, supra, and expressly overruled Frey v. Torrey, 70 App. Div. 166, 75 N. Y. Supp. 40, affirmed 175 N. Y. 501, 67 N. E. 1082.

The new matter in the reply is obviously inconsistent with the complaint. The complaint alleges lawful possession and subsequent conversion. The reply destroys the allegation of lawful possession and alleges possession by fraud and false pretense, deceit, and false representations. This is certainly a new cause of action. "It [the Code] does not authorize the plaintiff to introduce a new cause of action against the defendant by way of reply to the counterclaim. * * * The matter set up in the reply must not be inconsistent with the cause of action alleged in the prior pleading on the part of the plaintiff." Baylies, Code Pleading and Practice, 463. "A new cause of action against the defendant cannot be set up in a reply, nor can it remedy defects in the complaint or enlarge the prayer for relief, or set up a modification of the contract set forth in the complaint." Rumsey on Practice, p. 460. "The plaintiff cannot introduce in his reply a cause of action different from that which he states in his complaint or petition. In other words, he cannot, after answer is made, abandon the cause of action set up in the complaint and make an

entirely new cause of action in the reply." 18 Enc. of Pleading and Practice, 707.

In Frank Brewing Co. v. Hammersen, 22 App. Div. 475, 48 N. Y. Supp. 30, Mr. Justice Bartlett said:

"In that part of the reply we find averments tending to show a claim against the defendant, not simply for money paid out at his request, as alleged in the complaint, and hence constituting a cause of action on contract merely, but a claim for damages arising out of false representations on the part of the defendant, inducing the payment of the money. Here we have an attempt to plead a cause of action based on fraud, the effect of which, if such a course were permissible, would be to amend the complaint by means of the reply, so as to change a cause of action on contract to a cause of action sounding in tort. I do not think such pleading can be regarded as a compliance with section 514 of the Code of Civil Procedure."

We think the demurrer should have been sustained. If the plaintiff desired, or found it necessary, to completely change his cause of action, he should have moved for leave to serve an amended complaint when proper terms could have been imposed. His attempt to accomplish this result by the reply cannot succeed.

The judgment appealed from should be reversed, with costs and disbursements to the appellant, and the demurrer sustained, without costs, with leave to plaintiff to serve an amended reply upon payment of costs in this court and in the court below. All concur.