## STREETER v. CLOUD et al.

(Supreme Court, Appellate Division, First Department.  March 3, 1916.)

PLEADING ⊚⟶196—REPLY—DEMURRERS.

In an action on a contract to rebuild and repair premises, defendant answered, denying the averments of the complaint, and alleging as a counterclaim a contract whereby plaintiff was to supply labor and materials necessary to complete unfinished work, and was to receive in payment 10 per cent. of the actual cost of the labor and material, that the workmanship was unskillful, that the work was not completed within time, and was never completed, whereby defendant was deprived of the use of the premises and the rentals, to her damage. The reply, after three denials, in a paragraph numbered 4, averred that plaintiff was engaged and hired by defendant to perform the work called for, and pursuant to the plans prepared by the architect upon the basis of 10 per cent. of the value of the work done, together with the sum of $10 per day, and that plaintiff was an employé of defendant, and not a contractor. Code Civ. Proc. § 493, declares that defendant may demur to the reply, or to a separate traverse, or avoidance of a defense or counterclaim contained in the reply, on the ground that it is insufficient in law. Section 514 provides that the reply must contain a general or specific denial of each material allegation of the counterclaim. *Held* that, as the new matter contained in paragraph 4 was insufficient in law upon the face thereof, being inconsistent with the complaint, defendant might demur thereto, though plaintiff had not in so many words alleged that the new matter was stated to be in avoidance of the counterclaim; the context showing that, and there being no similar Code provision to that requiring complaints, where several causes of action are set up; to separately state them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 453–455; Dec. Dig. ⊚⟶196.]

McLaughlin and Davis, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Charles T. Streeter against Agnes D. Cloud and others. From an order overruling the named defendant's demurrer to the new matter set out in the reply, defendant appeals. Order reversed, and demurrer sustained.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

M. H. Winkler, of New York City, for appellant.
Charles J. Lane, of New York City, for respondent.

SMITH, J. The action is upon a contract to rebuild and repair certain premises owned by defendant Katherine E. Moore and under lease to defendant Agnes D. Cloud, with which tenant the contract is claimed to have been made. The complaint alleges a contract to furnish material and perform the services according to certain specifications for the sum of $3,324.83. The defendant Cloud answered, denying the allegations of the complaint, and alleged as a counterclaim a contract between the plaintiff and herself by which the plaintiff was to supply the labor and materials necessary to complete certain unfinished work in the repair of said buildings, and the defendant Cloud agreed to pay the plaintiff therefor the sum of 10 per cent. of

the actual cost of said labor and material. It was further alleged that the workmanship was unskillful, done unexpeditiously and inaccurately, and the work was not completed within the time specified, and was never completed, by reason of which the defendant was deprived of the use of said premises and of rentals, and was otherwise greatly damaged, in the sum of $3,062.55. The plaintiff replied to said counterclaim, and denied the material allegations thereof in paragraphs 1, 2, and 3 of said reply. The reply further read:

"Further replying to the defendant Agnes D. Cloud's counterclaim, contained in her amended answer, plaintiff alleges:

"(4) That he was engaged and hired by the defendant Agnes D. Cloud to perform the work called for, and pursuant to the plans and specifications prepared by the architect, William Weisenberger, Jr., subject to alterations, upon the basis of 10 per cent. of the value of the work done and for the amount expended in the performance thereof, together with the sum of $10 per day during the period within which the work was performed, and that he was an employé of the said defendant Agnes D. Cloud, and not a contractor."

Thereafter the defendant demurred to this new matter alleged in paragraph 4, upon the ground that it was insufficient in law upon the face thereof.

By section 514 of the Code of Civil Procedure it is provided that:

"The reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief; and it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint, constituting a defense to the counterclaim."

By section 493 it is provided:

"The defendant may also demur to the reply, or to a separate traverse to, or avoidance of, a defense or counterclaim, contained in the reply, on the ground that it is insufficient in law, upon the face thereof."

It is not questioned that this new matter alleged in this reply was improper. It is clearly inconsistent with the matter alleged in the complaint, and within the provision of the Code of Civil Procedure cited is therefore not authorized. Some of my Associates question the right to demur, however, because the plaintiff has not in so many words alleged that this new matter was stated to be a separate traverse to, or avoidance of, the counterclaim of the defendant; but that it is in fact an attempt to avoid the counterclaim by the allegation of this new matter is to my mind clearly indicated by the whole tenor of the reply. The first three paragraphs contain merely denials; the fourth paragraph contains this new matter, which states the contract, not as the plaintiff had theretofore stated it, but as the defendant states it, with certain modifications, and, as thus stated, it is clearly inconsistent with the matter alleged in the complaint. It will be noticed that the provisions of the Code regulating what the reply shall contain are materially different from the provisions regulating what a complaint or answer shall contain. There is no provision that the different defenses to a counterclaim shall be separately stated and numbered, as is required in stating different causes of action in a complaint by section 483 of the Code of Civil Procedure, and is required in an answer by section 507 of the Code. It is true that, where there are

two or more distinct avoidances of the same defense or counterclaim, they must be separately stated and numbered; but there is no requirement that, where there is a single avoidance of the counterclaim alleged in an answer, the avoidance should be stated as a defense separate from the denials. If defendant should move to require plaintiff to state in his reply whether the new matter alleged was intended to be alleged as a separate reply, he could well answer that the Code made no such requirement. Further, it would seem to be wholly unnecessary to make this requirement, as the new matter alleged as an avoidance of the counterclaim is naturally and necessarily of itself separated by its very nature from the denials.

In Douglass v. Phenix Insurance Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, it is stated:

"The allegations of the complaint not denied in the affirmative defense are for the purposes of the question now presented to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense."

In Eells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531, there was a demurrer by plaintiff to defendant's answer. The opinion in that case in part reads:

"The first four paragraphs of the answer consist of admissions and denials, and they are followed by the fifth paragraph, which is the part of the answer demurred to by the plaintiff. The part of the answer so demurred to is not a denial, or a part of a denial; but it is new matter constituting an alleged affirmative defense, and unless it states a complete defense it is insufficient in law upon the face thereof. The argument is made that because the fifth paragraph of the answer does not in terms start out with a statement that it is a defense, or a separate or affirmative defense, it should be considered as a part of the defendant's general defense. It is a part of the answer; but it is a separate part of the answer, alleging, under the second subdivision of said section 500, new matter, and it must be considered apart from the admissions and denials that precede it. An examination of the allegations of the first four paragraphs of the answer show that they are not intended as an affirmative defense, or as a part of an affirmative defense, but that they are included in the answer for the purpose of putting the plaintiff to his proof as to such parts of the complaint as are denied by said paragraphs. The fifth paragraph starts with the words, 'Defendant, further answering said complaint;' that is, for a further answer the defendant states new matter as an affirmative defense. This paragraph, by whatever words it may be introduced, or by whatever name it may be called, is intended to be and is an alleged separate and affirmative defense. The demurrer thereto may be technical, but it is a right that the plaintiff has under our form of pleading, and the decision of our courts in relation thereto, and it should be sustained, unless the paragraph to which it relates in itself is a complete answer to the plaintiff's complaint. General or specific denials as such are improper in an affirmative defense (Stieffel v. Tolhurst, 55 App. Div. 532 [67 N. Y. Supp. 274]), but the statement of new matter must be sufficient in itself, if true, to constitute a complete defense. Treating the allegations of the complaint not controverted in the affirmative defense as admitted, the allegations of the fifth paragraph of the answer, if true, do not constitute a defense. The order and interlocutory judgment should be affirmed, with costs."

The reasoning of this decision is clearly applicable to the case at bar. Moreover, in my judgment, this question has been decided by the Court of Appeals. In Goldberg v. Utley, 60 N. Y. 427, it was

held that the provisions of the Code requiring different causes of action joined in a complaint to be separately stated, and the rule requiring them to be separately numbered, relate simply to questions of practice over which the court below has control, and that the right was merely formal, not substantial. In the opinion, Church, C. J., says:

"If the complaint contains several causes of action improperly united, contrary to the Code, as is claimed. the vice may be reached by a demurrer, and the failure of the plaintiff to state them separately and number them would not be an answer to it, nor would a failure to move to correct the complaint in this respect defeat the effect of a demurrer. The plaintiff cannot deprive the defendant of the benefit of a demurrer upon this ground by omitting to number his causes of action. A substantial remedy cannot be prevented by a neglect to observe the rules of practice, nor in a case like this would the defendant be regarded as waiving such remedy by not making this motion."

This decision is quoted with approval in O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 52, 76 N. E. 1082.

It is difficult to see, if this rule be applied to a complaint, wherein the causes of action are required to be separately stated and numbered, or even to an answer, where all defenses are required to be separately stated and numbered, why it should not apply to a reply, as to which no such requirement is made by the Code. Even if such requirement were made, it might well be held, after in three paragraphs stating the denials which the plaintiff desired to make to the allegations constituting the counterclaim, that he has separately stated his affirmative defense when he begins that defense:

"Further replying to the defendant Agnes D. Cloud's counterclaim contained in her amended answer."

The order should therefore be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs and disbursements.

CLARKE, P. J., and DOWLING, J., concur.

McLAUGHLIN, J. (dissenting). Action to foreclose a mechanic's lien. The answer put in issue the material allegations of the complaint and set up a counterclaim, to which the plaintiff interposed a reply consisting of four paragraphs. The first denied the sixth, the second a part of the fifth, and the third the seventh, paragraphs of the amended answer. The fourth paragraph begins: "Further replying, * * * plaintiff alleges." Then follows the statement of certain facts which it is unnecessary to consider. The defendant demurred to the fourth paragraph. The demurrer was overruled, and defendant appeals.

Each cause of action pleaded, answer thereto, or reply to a counterclaim must be complete in itself, and a demurrer only lies to such pleading as a whole, and not to a separate paragraph of it. Code of Civil Procedure, §§ 492, 493, 494; Hollingsworth v. Spectator Co. (No. 1) 53 App. Div. 291, 65 N. Y. Supp. 812. A reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff, and may set forth in ordinary and concise language new matter, not consistent with the complaint, con-

stituting a defense to the counterclaim. Section 514, Code of Civil Procedure. If it contains two or more distinct avoidances of the counterclaim, the same must be "separately stated and numbered." Section 517, Code of Civil Procedure.

The court below evidently reached the conclusion that the fourth paragraph demurred to was intended by the pleader as a continuation of the preceding paragraphs, and in this I think he was correct. To hold that it was intended as a separate reply is to put into the pleading something which does not there appear. The suggestion is made —not by counsel—that this can be done because the pleader used the words: "Further replying, * * * alleges." I am unable to ascribe such meaning to the use of these words. They certainly do not indicate it was intended by their use to set up a separate and distinct reply. If the appellant believes such were the intended effect, then the proper practice is to move to make the pleading more definite and certain, by compelling plaintiff to separately state and number the paragraph demurred to.

I therefore think the order should be affirmed, and dissent from a reversal.

DAVIS, J. (dissenting). I dissent, for the following reasons: The reply here contains general denials of the defendant's counterclaim. The fourth paragraph of the reply, which by some is thought to be an attempt to set up a separate defense to the first counterclaim of the defendant, does not contain a single allegation of defense to the counterclaim. In reality, it is merely something added onto the denials, and the fact alleged in that paragraph could well be proved under the general denials. In substance, the plaintiff denies the counterclaim, and then unnecessarily adds the fourth paragraph of his reply, by alleging that his compensaton was to be, not only 10 per cent. of the cost, but also $10 a day. For these reasons, I think the demurrer, being to a separate paragraph of the reply, should have been overruled. N. J. Steel & Iron Co. v. Robinson, 60 App. Div. 69, 69 N. Y. Supp. 728.

Moreover, I think the fourth paragraph of the reply is inconsistent with the complaint. The complaint alleges that the plaintiff was to supply work and material, for which defendant agreed to pay him $3,-324.83. It appears from the fourth paragraph of his reply that his compensation was to be 10 per cent. of the value of the work done and the amount expended in its performance, together with $10 a day during the period of construction. According to the complaint, plaintiff was to furnish the material and provide the work, and get $3,-324.83 for it; while according to the reply he was to have 10 per cent. and $10 per day as his compensation, a claim which is inconsistent with the position that he was to furnish the material. Where the reply contains matter inconsistent with the complaint, and not amounting to a complete defense to the counterclaim, the remedy is by motion to strike out as irrelevant. Code Civ. Proc. § 545; Brewing Co. v. Hammersen, 22 App. Div. 475, 48 N. Y. Supp. 30; Eidlitz v. Rothschild, 87 Hun, 243, 33 N. Y. Supp. 1047.

I think the court was right in overruling the demurrer.