IRMA ROSEN, Respondent, v. SAMUEL ROSEN, Appellant.— The action involves a controversy as to the ownership of the proceeds of four life insurance policies issued by the New York Life Insurance Company upon the life of one Isidore Rosen, deceased. The insurance company paid the amount of the policies into court after an order of interpleader had been entered with respect to the two claimants. In her complaint plaintiff, the insured's widow, claims the proceeds solely upon the theory that in October, 1940, the policies and the proceeds thereof were assigned to her by the insured. In his answer defendant, insured's brother, denies that plaintiff is such assignee and, by way of counterclaim, claims the proceeds as the record beneficiary of the policies at the time of the insured's death, alleging that the insured changed the beneficiary from plaintiff to defendant in May, 1941, pursuant to a reservation contained in the policies of the right to change the beneficiary. Plaintiff interposed a reply which denies that the defendant is the beneficiary and, by way of affirmative defense, alleges that the change of beneficiary from plaintiff to defendant was brought about by fraud and undue influence exerted on insured by defendant and others. Defendant moved under rule 111 of the Rules of Civil Practice to strike out the reply as insufficient in law in that the new matter set forth therein is inconsistent with the complaint and, in the alternative, moved under rule 103 to strike out certain

portions of the defense therein as sham, frivolous, irrelevant and prejudicial. Plaintiff moved to examine before trial defendant and the other alleged conspirators. Defendant's motion was denied and plaintiff's motion was granted. Defendant appeals from both orders. The new matter set forth in the affirmative defense contained in the reply, whereby plaintiff seeks to recover the proceeds of the policies upon the theory that she is the last *bona fide* beneficiary named in the policies, is inconsistent with the complaint and the theory upon which plaintiff's cause of action is based and, therefore, violative of the provisions of section 272 of the Civil Practice Act. (See *Young* v. *Dresser*, 137 App. Div. 313; *Frank Brewing Co.* v. *Hammersen*, 22 App. Div. 475; *Windecker* v. *Mutual Life Ins. Co.*, 12 App. Div. 73; *Eidlitz* v. *Rothschild*, 87 Hun 243; Carmody, New York Pleading and Practice, Vol. 3, § 1021.) If, as it appears, plaintiff desired to claim the proceeds of the policies upon the theory also that she is the named beneficiary, proper practice dictates that she do this by amending her complaint and not by pleading it in a reply. In view of this holding it follows that plaintiff is not entitled to examine defendant and the others mentioned. Order denying defendant's motion to strike out the reply or portions thereof, modified on the law by striking from the decretal paragraph the words " in all respects denied " and by inserting in place thereof the words " granted to the extent of striking out the affirmative defense set forth in the reply." As so modified, the order is affirmed, with ten dollars costs and disbursements to appellant. Order granting plaintiff's motion to examine defendant and others reversed on the law and the facts, without costs, and the motion denied, with ten dollars costs. Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ., concur.