Matthew J. Jaseh, J.
This is a motion brought by the defendant wife against the plaintiff husband for (1) counsel fees,-(2) an allowance for the support, maintenance and education of the minor children of the marriage, and (3) an order to strike the counterclaim contained in the plaintiff’s reply.
It appears that the plaintiff instituted this action for a judgment to declare invalid a decree of divorce obtained by the defendant in the State of Alabama on March 15, 1960. An answer containing a general denial was interposed by the defendant as well as a counterclaim for a separation in the event *905 the court finds the Alabama decree invalid. The reply by the plaintiff contains a counterclaim for separation.
Let us first consider the question of pleadings in this action, that is, whether a counterclaim may be interposed in a reply. The court is not aware of any authority permitting same. On the contrary, all of the authorities known to the court have held consistently that a reply cannot be resorted to for the purpose of amending a complaint, nor is it within its province to introduce a new cause of action. (Rosen v. Rosen, 267 App. Div. 770 ; Young v. Dresser, 137 App. Div. 313 ; Frank Brewing Co. v. Hammersen, 22 App. Div. 475 ; Windecker v. Mutual Life Ins. Co., 12 App. Div. 73 ; Eidlitz v. Rothschild, 87 Hun 243 ; 3 Carmody, New York Practice, § 1021.) The remedy of the plaintiff, if any, is to move to amend his complaint.
Defendant’s motion to strike the counterclaim contained in the plaintiff’s reply is granted, with leave to the plaintiff to amend his complaint within 10 days.
The next question to be determined by the court is that of an allowance for the support, maintenance and education of the children of this marriage. There appears to be no dispute that the defendant had been receiving regularly from the plaintiff the sum of $40 weekly for their support and maintenance. Inasmuch as this sum appears to have been adequate for a considerable time and there being no showing made of any change of circumstances, the court directs that the plaintiff continue the payment of $40 each and every week until the trial of this action.
Eight of visitation to the plaintiff as agreed upon with the defendant in an agreement dated September 27,1956 is continued.
There remains for the court to determine whether the defendant wife is entitled to an allowance for counsel fees in order to defend an action brought by the plaintiff husband for a judgment to declare invalid a foreign judgment of divorce obtained by the defendant wife.
The powers of the court to award counsel fees in a matrimonial action are solely those conferred upon it by statute (Johnson v. Johnson, 206 N. Y. 561 ; Doncourt v. Doncourt, 245 App. Div. 91, affd. 275 N. Y. 470).
Section 1169 of the Civil Practice Act gives the court the authority to grant the wife the necessary funds to carry on or defend the action, and to support herself and children during the pendency thereof. The defendant contends that this action is obviously a matrimonial action and, as such, comes under the provisions of that section. The court cannot agree, since the nature of her defense indicates that there is no existing marriage *906 between the parties, and therefore no ground upon which the alleged wife may be granted the relief authorized by section 1169 of the Civil Practice Act.
The defendant here claims a valid Alabama divorce decree, which must be recognized by our court as a valid judgment dissolving the marriage of the parties until its nullity has been proved by the plaintiff. (Williams v. North Carolina, 317 U. S. 287, 325 U. S. 226 ; Esenwein v. Commonwealth, 325 U. S. 279 ; Matter of Franklin v. Franklin, 295 N. Y. 431 ; Matter of Holmes, 291 N. Y. 261 ; Axelrod v. Axelrod, 277 App. Div. 1053.)
The rule is, as this court sees it, that the Alabama judgment of divorce will be given full force and effect as a judgment in rein dissolving the marriage of the defendant, until impeached by evidence which establishes that the Alabama court had no jurisdiction over the res.
The defendant contends that she is entitled to counsel fees and cites Klosner v. Klosner (1 A D 2d 204) ; Marinelli v. Marinelli (280 App. Div. 997) and Marcus v. Marcus (274 App. Div. 805) as authorities. These courts held that the wife is entitled to a counsel fee to defend a matrimonial action brought by her husband despite the fact that she alleges affirmatively the validity of a foreign divorce decree procured by her. It seems that the courts there applied the theory that inasmuch as the husband considers the foreign decree a nullity and thereby affirms the marital status between the parties, he is required to pay counsel fees to her to defend that action. However, this court is of the opinion that the reasoning adopted in Harris v. Harris (279 App. Div. 542) leads to a more consistent approach to the question involved. The court there held that ‘' the validity of the foreign decree destroys the very ground upon which the plaintiff-respondent’s [wife’s] complaint and motion both necessarily rest, i.e., the fact that the plaintiff in her action is the wife of the defendant. It seems not a little illogical, to say the least, to recognize the validity of a foreign decree which has dissolved the marriage and at the same time acknowledge the present existence of the marriage for the purpose of an action in this State” (p. 544).
It does not seem proper to grant counsel fees to a wife such as this defendant, who, having obtained a divorce outside the State of New York, now asks for funds from her erstwhile husband in order to prove that they are not married. For the reasons stated, plaintiff’s motion for counsel fees is denied.