■ THE PEOPLE OF THE STATE OF NEW YORK v. RAFAEL RIOS.— Motion for reargument of appeal denied. The judgment convicting the defendant of murder in the first degree, with the recommendation for life imprisonment, was unanimously affirmed, without opinion, by this court on December 17, 1963, and leave to appeal to the Court of Appeals was denied on February 3, 1964 by a Judge of the Court of Appeals. If the defendant is entitled at this time to a hearing as to the voluntariness of an alleged confession received in evidence at the trial, his remedy is by *coram nobis* motion. (See *People* v. *Huntley*, 15 N Y 2d 72.) Concur — Breitel, J. P., Rabin, Stevens, Eager and Bastow, JJ.

■ In the Matter of BETTY SCHWARTZ v. MARVIN SCHWARTZ.— Motion for leave to appeal granted pursuant to section 1012 of the Family Court Act. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ LINDA R. HABIBY, Respondent, v. ARMOND HABIBY, Appellant.— Order, entered on September 29, 1964, unanimously modified, on the law and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the motion is granted to the extent of striking items "3", "4" and "5" of the prayer for relief in the plaintiff's reply, with leave, however, for the plaintiff to apply for permission to serve an amended complaint setting forth in such amended complaint a cause of action for separation. Prior to the enactment of CPLR 3011 the law was clear that a counterclaim could not be interposed in a reply (see *Swertz* v. *Swertz*, 28 Misc 2d 904 and cases cited therein). There is nothing in the language of CPLR 3011 that mandates a departure from that rule, nor does that language indicate any such intention on the part of the Legislature. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.05.) Accordingly, the dictates of an orderly and efficient disposition of litigation requires the continuance of the practice as heretofore followed. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ In the Matter of ROSE FRIEDMAN, Respondent, v. MARVIN FRIEDMAN, Appellant.— Order, entered on August 25, 1964, awarding support to petitioner and the four issue of the marriage in the sum of $125 per week, unanimously modified, on the law and on the facts, to the extent of eliminating the provision requiring the respondent to pay for psychiatric treatment for petitioner, and, as so modified, affirmed, without costs. The court's indorsement on the docket sheet shows the disposition which is deemed incorporated within said order; and the order is modified accordingly. In addition to the monetary support of $125 per week, respondent is directed to continue to pay the expenses he has heretofore paid directly: mortgage interest, amortization, taxes, assessments against the property, gas, electric, heat, oil, maintenance charges, medical and dental bills for the family and premiums on his life insurance policy for the benefit of his children. The necessity for private psychiatric treatment has not been established on this record. The hearing was informal; both parties were present and represented by counsel; a full inquiry was made; there was reasonable opportunity for cross-examination and no request therefor was made. Consequently, there was no necessity to return the proceeding to New Jersey, the initiating State. (See Domestic Relations Law, § 37.) Concur — Rabin, J. P., Valente, McNally, Steuer and Staley, JJ.