OPINION OF THE COURT
Anthony J. Mercorella, J.
Plaintiff, Tri Terminal Corp., as landlord and owner of certain property, originally commenced this action against defendant tenant, CITC Industries, Inc., seeking to recover rent, unpaid property tax penalties, and expenses for repairs and refuse removal.
Issue was joined in September, 1976 by service of an answer in which defendant asserted an affirmative defense that plaintiff lacked legal capacity to maintain the action since it was not authorized to do business in this State. Additionally, defendant put forth a counterclaim alleging that it paid for *478 the real estate taxes and that plaintiff misappropriated the same causing defendant to be damaged. Plaintiff’s reply consisted solely of general denials to the counterclaim.
In October, 1978, defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 3) on the grounds of plaintiff’s legal incapacity under section 1312 of the Business Corporation Law. This motion was granted by the court. In so doing, the Honorable Hilda G. Schwartz dismissed the complaint and severed the defendant’s counterclaim allowing it to "remain as a cause of action against the plaintiff.” A note of issue on the counterclaim was subsequently served.
The present motion is made by Tri Terminal to vacate the note of issue to allow it to conduct examinations before trial and also, to amend what, in effect, is its reply to CITC’s counterclaim, so as to include Tri Terminal’s own counterclaims which are the very same causes of action that comprised the original complaint. CITC cross-moves seeking costs plus attorneys’ fees on the ground that Tri Terminal’s motion is frivolous due to the prior dismissal order.
CPLR 3011 states, in pertinent part, that "[a]n answer may include a counterclaim against a plaintiff” and a plaintiff "shall * * * reply to a counterclaim.” Prior to the enactment of this section, the law was clear that a counterclaim could not be interposed in a reply and there is nothing in the language of the CPLR that would mandate a departure from this rule. (See Chambland v Brewer, 51 Misc 2d 231; Swertz v Swertz, 28 Misc 2d 904; Habiby v Habiby, 23 AD2d 558; First Prelim Rep of NY Adv Comm on Practice and Procedure, p 71 [1957].) As stated by the court in Garfinkle v Kaplan (77 Misc 2d 1097, 1098), "While a 'rose is a rose is a rose’ (Sacred Emily by Gertrude Stein, 1917), a counterclaim is not a rose and tautologically and procedurally speaking, there cannot be a counterclaim to a counterclaim.” In this court’s opinion, the underlying basis of these decisions was that if a plaintiff wanted to assert a new cause of action against a counterclaiming defendant, the proper procedure would be to amend his complaint pursuant to CPLR 3025 (subd [a], or [b]).
In the case at bar, however, this avenue of procedure is no longer available to the plaintiff since its complaint was dismissed by court order. As such, it obviously cannot be amended. Moreover, plaintiff no longer has a cause of action against defendant. But the defendant’s counterclaim remains *479 as a cause of action against the plaintiff. Consequently, this court is faced with a somewhat unique procedural situation.
A counterclaim is in essence a complaint by a defendant against the plaintiff and alleges a viable cause of action upon which the defendant seeks judgment. It is not a responsive pleading merely because it is contained in a responsive paper. The pleader of a counterclaim is a plaintiff in his own right. (See Fettretch v McKay, 47 NY 426; Edelman v Edelman, 88 Misc 2d 156.)
In Mary Lo Chin v Shue King Chin (44 AD2d 812), the court said that the counterclaim and reply became pleadings which were, in effect, independent and separate of the underlying action. Based on the foregoing, it is the opinion of this court that because Tri Terminal’s complaint was dismissed, it can no longer be considered a plaintiff but remains solely a defendant on CITC’s counterclaim. Consequently, CITC’s answer is now deemed to be a complaint and Tri Terminal’s reply an answer. Furthermore, Tri Terminal shall be allowed to amend its pleading to include its own counterclaims.
CITC’s contention that Tri Terminal is barred from alleging the same causes of action as counterclaims under the doctrine of res judicata is unfounded. That doctrine requires a final judgment on the merits in one action and an attempted relitigation in a second action. (See Siegel, New York Practice, §§ 445, 446.) Here, the order of Justice Schwartz was predicated upon a ground which disposed of the case without reaching the merits. A dismissal based on plaintiff’s lack of capacity to sue is dispositive only of that particular objection and does not preclude a new action which overcomes that objection. (Siegel, New York Practice, § 445.)
However inartfully alluded to by CITC, the doctrine of the law of the case is actually at issue. This doctrine applies to various stages of the same action and attempts to avoid the retrial of issues previously determined. (See Matter of McGrath v Gold, 36 NY2d 406; Fadden v Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858, affd 27 AD2d 487.)
Therefore, the question to be resolved is, does the doctrine of the law of the case preclude Tri Terminal from asserting the same causes of action as counterclaims? This court thinks not. If at some time Tri Terminal became authorized to do business in this State, it could maintain the original action since the deficiency upon which the dismissal was based would have been remedied. See Addeo v Dairymen's League Co-Op. *480 Assn. (47 Misc 2d 426) where a similar finding was made concerning a dismissal pursuant to CPLR 3211 (subd [a], par 7).
The dismissal ground of CPLR 3211 (subd [a], par 3) becomes the law of the case only on the narrow issue of lack of capacity to sue. If Tri Terminal attempted to bring a second action without curing this defect, it would certainly be precluded. Here, the deficiency is cured in effect since Tri Terminal is not attempting to sue, but to defend. Its lack of capacity to institute a suit does not affect its ability to defend in a suit brought against it.
In this regard, CITC questions Tri Terminal’s right to defend. The Business Corporation Law prohibits the maintenance of an action in New York by a foreign corporation doing business in this State without authority (Business Corporation Law, § 1312). However, the statute does not prohibit the corporation from defending an action in this State (Business Corporation Law, § 1312, subd [b]). And in its defense, it has been held that the foreign corporation can counterclaim if the counterclaim was related to plaintiff’s cause of action. Other decisions even eliminate this limitation. (See Rolle v Rolle, 201 App Div 698; Howden & Co. v American Consenser & Eng. Corp., 194 App Div 164.)
A case involving facts similar to the one at bar was recently decided by the court. In Flaks, Zaslow & Co. v Bank Computer Network Corp. (66 AD2d 363), the complaint was dismissed for lack of in personam jurisdiction, also a disposition not on the merits. Nevertheless, the court allowed the plaintiff to assert a counterclaim in its amended reply which was identical to the previously dismissed complaint.
Accordingly, Tri Terminal’s motion is granted and the note of issue is vacated. Tri Terminal, as defendant, shall be allowed to interpose its counterclaims and CITC, as plaintiff, shall be allowed to reply to same if desired within twenty days of the date of publication of this order. The caption of the action shall be amended to reflect the change in status of the parties. CITC’s cross motion for costs and attorneys fees is denied.
That portion of Tri Terminal’s motion to vacate the note of issue in order to allow examinations before trial is similarly granted. Although issue was joined in 1976, it appears that pretrial depositions of the respective parties were never taken. Therefore, both parties, by a representative having sufficient *481 knowledge of the facts, shall appear at Special Term, Part 2 of this court, 60 Centre Street, New York City, New York, at 2 p.m. on or at such time and place that the attorneys for the parties shall mutually agree upon by written stipulation.