OPINION OF THE COURT
Leonard Silverman, J.
Claimants seek to vacate or set aside that portion of the court’s memorandum-decision filed on June 9, 1986, in which we found in favor of the defendant on the counterclaim. This relief is sought pursuant to CPLR 4404 or, in the alternative, CPLR 5015.
The claim arose as a result of an automobile accident in which Scott Gildea was the driver and Lynn Gildea was the passenger. Following a bifurcated trial, we determined that claimant’s vehicle left the road as a result of driver error, but the State’s negligence compounded the injuries. We apportioned 75% of the accident to Scott Gildea and 35% to the defendant, and determined that Mr. Gildea was liable to the State in the same proportion, on the counterclaim apparently interposed by the State. The question before the court is whether a counterclaim was, in fact, duly pleaded.
Initially, the defendant was represented by Joseph E. Farrell of Huntington Station, New York. Mr. Farrell served an answer on October 14, 1980 and filed same with the court on October 16, 1980. Shortly thereafter, for reasons unknown to the court, the defense of this matter was assumed by the Attorney-General of the State of New York. An Assistant Attorney-General then filed an “Amended Verified Answer and Counterclaim” with the court on October 27, 1980. An examination of the affidavit of service attached to the amended answer and counterclaim discloses that service of papers was made upon Joseph E. Farrell, the defendant’s prior counsel, instead of claimants’ counsel. It is undisputed that counsel for claimants was never served with the amended answer and counterclaim. This motion is predicated upon that failure.
Counsel for the State argues that claimants are precluded from asserting this motion pursuant to CPLR 4404 since it was not brought within the 15-day period following our decision (CPLR 4405). The court agrees that the motion is untimely but since claimants allege a lack of jurisdiction, the relief sought may be granted pursuant to rule 5015 (a) (4). We wish to note that the 15-day limitation of CPLR 4405 would not be applicable in an instance where the court takes the *271 initiative in making the motion (Moore v State of New York, 45 Misc 2d 1060), and we would be inclined to take the initiative if relief were otherwise not available since claimants’ rights have been so adversely affected.
The State questions the applicability of rule 5015 by stating that "[i]t is a mystery * * * how this court [sic] lacked jurisdiction simply because the counterclaim was mailed to the wrong attorney.” It is further argued that the failure to serve claimants resulted in no prejudice and the ministerial error of serving the wrong attorney should be overlooked in the interest of justice.
We are mystified how State’s counsel, who himself has repeatedly urged the court to strictly construe jurisdictional requirements, can advance this argument. We anxiously await counsel’s response to "the interest of justice” argument the next time he advances a motion to dismiss a duly filed claim which inadvertently was not served on his office.
A counterclaim is, in essence, a complaint (Tri Term. Corp. v CITC Indus., 100 Misc 2d 477), and the pleader of the counterclaim is a plaintiff in his own right (Edelman v Edelman, 88 Misc 2d 156). An answer containing a counterclaim is a pleading (CPLR 3011) and service shall be in a manner provided for service of papers generally (CPLR 3012 [a]). As claimants were represented by counsel, service of pleadings should be upon counsel (CPLR 2103 [b]). These requirements are mandatory and not permissive.
The failure to serve the counterclaim deprived Mr. Gildea of the notice required by law (Fashion Page v Zurich Ins. Co., 69 AD2d 787, affd 50 NY2d 265) and he did not have an opportunity to defend the claim against him. It is well settled that a failure to effect service in accordance with the provisions of the CPLR results in a failure to obtain jurisdiction (Feinstein v Bergner, 48 NY2d 234). This rule is as applicable to counterclaims (Cottage Grove Lbr. Co. v Lillegren, 227 Or 24, 360 P2d 927) and amended answers which contain material changes (Waltham Mfg. Co. v Brady, 67 App Div 102), as it is to initial pleadings. We see no basis upon which the rule should be relaxed so as to enable a party to assert a claim without giving notice to his adversary.
Without jurisdiction, this court is powerless to enter a judgment, and any proceedings on the counterclaim are null and void (McMullen v Arnone, 79 AD2d 496).
State’s counsel argues that claimants were aware of the *272 counterclaim because he believes that he “made reference to the counterclaim in the course of oral motions to dismiss after the evidence had gone in”, and he also mentioned it in his posttrial memorandum. He concludes that as a result of the foregoing, claimants should not have been surprised by the court’s inclusion of the counterclaim in its decision. Is counsel seriously suggesting that receiving notice of a counterclaim in the middle of a trial is sufficient for the purpose of defending that claim?
The defect in serving the counterclaim could not be cured even if claimants received actual notice of it, since notice received by means other than those authorized cannot create jurisdiction where it would otherwise not exist (McDonald v Ames Supply Co., 22 NY2d 111). Defendant’s counsel also suggests that claimants suffered no prejudice as a result of the failure to serve the counterclaim. We do not agree with that assertion, but even if we did, the degree of prejudice is irrelevant to the questions of whether a decision should be vacated for lack of jurisdiction (Shaw v Shaw, 97 AD2d 403).
The undisputed fact is that the counterclaim was never served on claimants, Therefore, our decision must be unconditionally vacated (Shaw v Shaw, supra) and the "Amended Verified Answer and Counterclaim” must be stricken as there has not been compliance with the CPLR (Weinberg v G.S.W. Realty Corp., 116 Misc 2d 503).
Accordingly, the court hereby amends its memorandum-decision signed on June 3, 1986 and filed on June 9, 1986, by deleting the second sentence of the first paragraph and deleting the first full sentence on page 7, both of which refer to the counterclaim. Since the State’s original answer included the affirmative defense of comparative negligence, our apportionment of liability is unaffected by this decision.