■ ELIZABETH KOKALARI, Appellant, v WILSON KOKALARI, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals (1), as limited by her brief, from so much of an order the Supreme Court, Queens County (Picariello, J.H.O.), dated October 29, 1987, as, *sua sponte,* dismissed her complaint, and (2) from an order of the same court (Finnegan, J.), dated March 18, 1988, which denied her motion to vacate the dismissal of her complaint.

Ordered that the appeal from the order dated October 29, 1987, is dismissed, as no appeal lies as of right from a *sua*

*sponte* order which does not determine a motion made on notice *(see,* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order dated March 18, 1988, is reversed, as a matter of discretion, the plaintiff's motion is granted, so much of the order dated October 29, 1987, as dismissed the complaint is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for findings of fact and conclusions of law and the entry of an appropriate judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs; and it is further,

Ordered that the Judicial Hearing Officer is directed to complete the findings of fact and conclusions of law within 30 days after service upon him of a copy of this decision and order, with notice of entry.

After a trial which continued intermittently over a period of five months, and the submission of proposed findings of fact and conclusions of law to the Judicial Hearing Officer, he ordered the parties to forward the trial minutes to enable him to reach a determination. When the parties failed to comply after being notified "on numerous occasions" of the necessity to do so, the Judicial Hearing Officer, *sua sponte,* dismissed the plaintiff's complaint and the defendant's counterclaim. Four months later the plaintiff wife moved, purportedly pursuant to CPLR 4404 (b), to vacate that order. The Supreme Court (Finnegan, J.) denied the motion as untimely pursuant to CPLR 4405.

The order dated October 29, 1987, did not constitute a determination pursuant to CPLR 4213. Therefore, the motion to vacate that order was not an application pursuant to CPLR 4404 (b) to which the time limits of CPLR 4405 apply. Rather, the order dated October 29, 1987, in effect, dismissed the action upon the parties' default in complying with "numerous" directives to provide a copy of the trial transcript, and the motion to vacate that order in effect sought relief pursuant to CPLR 5015 (a) (1). Thus, the motion should not have been denied as untimely *(see, Gildea v State of New York,* 133 Misc 2d 269).

We further hold that the dismissal of the wife's complaint was an improvident exercise of discretion. The record discloses that the defendant husband has substantial assets and is in a strong financial position, but he has furnished little or no support to the wife or his two children. When neither party complied with the directive of the Judicial Hearing Officer to

produce the trial minutes, the Judicial Hearing Officer dismissed the wife's complaint and the husband's counterclaim, rather than directing the husband to pay the costs of transcription. As a result, there has been no judgment of divorce and no determination of custody, child support, maintenance, or equitable distribution, notwithstanding that there was a full trial on all these issues. Under these circumstances, requiring the parties to relitigate the issues would not only be a waste of judicial resources, but would be economically disastrous to the wife and would reward the husband for his dilatory tactics. The dismissal does not serve the best interests of the children of this marriage who are currently living in circumstances far below those in which they would have been living had their father been duly supporting them. Moreover, since substantially all of the trial minutes have now been transcribed for this appeal, there is no reason why, in the interest of justice, upon remittitur, these minutes cannot be used together with the submitted proposed findings of fact and conclusions of law, to make a determination on the issues. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.