■ In the Matter of BABY BOY G. et al., Appellants. MICHAEL S. GOLDSTEIN, Nonparty Appellant.—In an uncontested private placement adoption proceeding pursuant to Domestic Relations Law article 7, (1) nonparty Michael S. Goldstein appeals from (a) so much of an order of the Surrogate's Court, Westchester County (Brewster, S.), dated July 17, 1989, as, *sua sponte,* referred the matter of his dual representation of the adoptive parents and the birth mother to the Ninth Judicial District Grievance Committee for appropriate action, and (b) an order of the same court, dated December 31, 1990, which awarded him counsel fees in the amount of only $1,500, and (2) the adoptive parents appeal, as limited by their brief, from (a) so much of the order dated July 17, 1989, as determined that a guardian ad litem should be appointed to represent the birth mother and (b) so much of an order of the same court dated February 27, 1990, as directed them to pay a fee of $2,000 to the guardian ad litem for services rendered on behalf of the birth mother.

Ordered that the appeals from the order dated July 17, 1989, are dismissed, without costs or disbursements, as no appeal lies as of right from a *sua sponte* order which does not determine a motion made on notice *(see,* CPLR 5701 [a] [2] [c]; *Kokalari v Kokalari,* 166 AD2d 418); and it is further,

Ordered that the order dated February 27, 1990, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated December 31, 1990, is affirmed, without costs or disbursements.

We disagree with the contention of the nonparty appellant attorney that the Surrogate erred in awarding him a counsel fee which was substantially less than the amount he sought. Based upon our review of the evidence of the legal services rendered, the results achieved in this proceeding, the standing of counsel, and the customary fees charged in the legal community for comparable services, we find that the Surrogate's determination with respect to counsel's fee did not constitute an improvident exercise of discretion *(see, Matter of*

*Lanyi,* 147 AD2d 644; *see generally, Matter of Schmidt,* 134 AD2d 432; *Matter of Potts,* 213 App Div 59, *affd* 241 NY 593).

Similarly, we find that the fee awarded to the guardian ad litem, and the court's direction that the adoptive parents pay that fee, were amply supported by the evidence and were reasonable under the circumstances. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.