■ TARA A. TARRAZI, Appellant, v 2025 RICHMOND AVENUE ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. BART PELORO et al., Third-Party Defendants; COLIN SERVICE SYSTEMS, INC., Also Known as COLIN CARES, Third-Party Defendant-Respondent. [745 NYS2d 222] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 9, 2001, which, sua sponte, dismissed her cause of action for negligent lighting against the defendant 2025 Richmond Avenue Associates, Inc.

Ordered that on the Court's own motion, the notice of appeal

is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the cause of action for negligent lighting against the defendant 2025 Richmond Avenue Associates, Inc., is reinstated.

The order appealed from did not determine a motion made on notice, and therefore is not appealable as of right (*see* CPLR 5701 [a] [2]; *Sena v Nationwide Mut. Fire Ins. Co.*, 198 AD2d 345; *Matter of Baby Boy G.*, 189 AD2d 762; *Kokalari v Kokalari*, 166 AD2d 418). However, we deem the notice of appeal to be an application for leave to appeal, and grant the application in the interest of justice (*see* CPLR 5701 [c]; *Rassaei v Kessler*, 252 AD2d 577; *Sena v Nationwide Mut. Fire Ins. Co., supra*; *Matter of Baby Boy G., supra*).

On August 15, 1994, the plaintiff was injured while descending an unlit emergency exit staircase in a building owned by the defendant 2025 Richmond Avenue Associates, Inc. (hereinafter the owner). At the time of the accident, the plaintiff was employed by a medical group located in the building.

In February 1995 the plaintiff commenced this action against the owner and APB Investigations, Inc. (hereinafter the security company), the security company retained by the owner to monitor the building. The plaintiff alleged in her complaint that both defendants were negligent in failing to provide adequate lighting, and in failing to warn of the dangerous condition that existed on the staircase. The plaintiff testified at her deposition that a guard from the security company advised her that he was about to lock the main door to the office building, and instructed her to leave through the emergency exit.

In 1997 the security company moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In November 1997 the owner cross-moved, inter alia, for summary judgment dismissing so much of the complaint as asserted a cause of action to recover damages based on a failure to warn. On April 2, 1998, the Supreme Court denied the respective summary judgment motions.

The security company appealed from so much of the April 2, 1998, order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. By decision and order dated April 12, 1999, this Court modified the order by granting that branch of the motion which was for summary judgment dismissing the complaint (*see* *Tarrazi v 2025 Richmond Ave. Assoc.*, 260 AD2d 468). Moreover, upon searching the record, this court granted that branch of the owner's cross motion which was to dismiss

the complaint insofar as it asserted a cause of action against it for failure to warn.

Subsequently, in the order appealed from, the Supreme Court, sua sponte, dismissed so much of the complaint as asserted a cause of action against the owner to recover damages based on negligent lighting. The plaintiff now appeals.

It is well settled that a landowner is charged with the duty of maintaining its premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233). Particularly, "[a] landowner whose property is open to the public is charged with the duty of providing safe means of ingress and egress, which includes a duty to provide adequate lighting" (*Shirman v New York City Tr. Auth.,* 264 AD2d 832, 833; *see also Gallagher v St. Raymond's R.C. Church,* 21 NY2d 554).

In view of the plaintiff's deposition testimony, there is an issue of fact as to whether the assumption of the risk doctrine is applicable, as the plaintiff alleges that she had no alternative means to exit the building and therefore did not expressly consent to engage in conduct where there was an elevated risk of danger (*see Taylor v Massapequa Intl. Little League,* 261 AD2d 396; *Cohen v Heritage Motor Tours,* 205 AD2d 105). Accordingly, the Supreme Court erred in, sua sponte, dismissing so much of the complaint as asserted a cause of action against the owner alleging negligent lighting.

The owner's remaining contentions are either without merit or are not properly before this Court. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur. [As amended by unpublished order entered Oct. 4, 2002.]