Per Curiam.
 

 The Code of Procedure does not authorize the striking out of an answer or any part of an answer on the ground that it is frivolous.
 
 (Briggs
 
 v.
 
 Bergen,
 
 23 N. Y., 162;
 
 Thompson
 
 v.
 
 Erie Railway Co.,
 
 Ct. of App., May 18, 1871.) But we i^pt assume that this answer was not stricken out as frivolous. (23 N. Y.,
 
 supra)
 
 There is no pretence that the counter-claim is sham. A sham pleading is a false pleading. There is nothing in the papers to show nor is it claimed that the counter-claim is false. 17or can this counterclaim be stricken out as an irrelevant defence. It is not a defence. There is a distinction between a counter-claim and a defence. (Code, § 149, sub. 2.) It is an affirmation of a cause of action against the plaintiff in the nature of a cross action, and upon which the defendant may have an affirmative judgment against the plaintiff. It is not liable to be stricken out on motion
 
 (Collins
 
 v.
 
 Swan,
 
 7 Robt., 94), nor can
 
 *428
 
 it be entirely stricken out under section 160. If there is a defect in the counter-claim in this case, it must be reached by demurrer or by motion under section 160 to make it more definite and certain. The orders appealed from, of Special and General Term, should be reversed, and motion denied, with costs to the appellant.
 

 All concur except Beckham, J., not voting.
 

 Order reversed,