D. M. STEVENSON and Others, Doing Business under the Firm Name and Style of D. M. STEVENSON & Co., Appellants, *v.* DIAMOND FUEL COMPANY, INC., and JOHN B. JOHNSTON, as Receiver in Bankruptcy of the DIAMOND FUEL COMPANY, INC., Respondents.

First Department, November 4, 1921.

Trial — discontinuance — motion to discontinue action commenced by service of summons with notice — plaintiff has absolute right to discontinue upon payment of costs before answer served where no injustice will be done defendant — pleadings — answer cannot be served to notice served with summons — right to counterclaim in answer dependent upon service of complaint.

A plaintiff has a right to discontinue an action commenced by the service of the summons with notice, and his reasons for so doing are no concern of the court. Hence, where no complaint had been served, no *lis pendens* filed or attachment levied and no rights had accrued to the defendant,

plaintiff's motion for a dismissal should have been granted upon the payment of costs.

The pleading served by the defendant purporting to be an answer to the notice served with the summons was a nullity, since there is no such pleading as an answer to a notice served with the summons, and the alleged answer should have been stricken out.

The right to counterclaim in an answer is qualified by the nature of the cause of action disclosed in the complaint, and until a complaint is served no right to answer exists, and hence the defendant could not interpose a counterclaim.

APPEAL by the plaintiffs, D. M. Stevenson and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of June, 1921, denying plaintiffs' motion for a discontinuance of the action, and also from an order entered in said clerk's office on the 23d day of August, 1921, denying plaintiffs' motion to strike out a paper purporting to be an answer with counterclaim.

*George S. Brengle* of counsel [*Harrington, Bigham & Englar,* attorneys], for the appellants.

*Francis Goertner* of counsel [*Haight, Smith, Griffin & Deming,* attorneys for Diamond Fuel Company, Inc.; *Stires & Barron,* attorneys for John B. Johnston], for the respondents.

PAGE, J.:

This action was commenced by the personal service of a summons, with notice that, upon defendants' default to appear and answer, judgment would be taken against them for the sum of $20,347.89 with interest from December 7, 1920. The defendants appeared by separate attorneys and demanded the service of copies of the complaint and all other papers in the action. Before any complaint had been served or filed in the action, the plaintiffs moved for leave to discontinue the action upon payment of costs of the action to date and the costs of that motion. Before the return date of the notice of motion, the defendant Diamond Fuel Company, Inc., served a paper which it called an answer wherein it was stated that the said defendant, " answering the summons with notice, alleges upon information and belief: *First.* It denies that it

is indebted to the plaintiffs in the sum of $20,347.89 alleged in the summons with notice to be the amount for which the plaintiffs demand judgment, or in any sum whatsoever." The answer also contains three counterclaims " to the cause of action set forth in the summons with notice." The plaintiffs' motion for leave to discontinue the action was denied. It is well settled that " ordinarily a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to. continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance." (*Matter of Butler,* 101 N. Y. 307, 309.) It is also well settled that where a complaint has been served and an answer containing proper counterclaims interposed, the plaintiff will not be allowed to defeat, by a voluntary dismissal of his complaint, the defendant's recovery on his counterclaim.

In the present case no complaint had been served, nor even drawn, when plaintiffs made their motion. No rights whatever had accrued to the defendants. There had been no *lis pendens* filed, nor attachment levied. No injustice had been done. There was, therefore, no discretion in the court. The motion for a dismissal should have been granted upon the payment of costs. The alleged answer was a nullity. There is no such pleading as an answer to the notice served with the summons. The notice discloses no facts constituting a cause of action, and there is no issue tendered thereby. The right to counterclaim in an answer is qualified by the nature of the cause of action disclosed in the complaint. (Code Civ. Proc. §§ 501, 502.) Until a complaint was served no right to answer existed. (*Nosrep Corporation* v. *Clinton Securities Corp.,* 193 App. Div. 878.)

It would have been entirely proper for the learned justice to have granted the motion to strike out the answer. In deference to the decision of the justice who had denied the motion for leave to discontinue, this motion was denied with leave to renew after the decision of this court on the appeal from the former order.

The order denying plaintiffs' motion to strike out the answer

will be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.   The order denying plaintiffs' motion for leave to discontinue will be reversed, with ten dollars costs and disbursements, and the motion granted.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Order denying motion to strike out answer reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.   Order denying motion for leave to discontinue reversed, with ten dollars costs and disbursements, and motion granted.