**IMPORT SERVICE CORPORATION v. NICHI BEI KIITO KABUSHIKI KAISHA.**

**NICHI BEI KIITO KABUSHIKI KAISHA v. IMPORT SERVICE CORPORATION.**

(District Court, S. D. New York. June 12, 1923.)

1. Pleading ⇐141, 146—Counterclaim must be complete; action on "counterclaim" begun by service of pleading.

A "counterclaim" must be complete in itself and in its legal effect is an action by the defendant against the plaintiff, and only when an answer containing the counterclaim is served is the action thereon begun.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Counterclaim.]

---

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Abatement and revival ⊚⇒15—Dismissal on ground of another action pending denied.**

> Where, after the commencement of an action in a state court, the plaintiff therein set up the same cause of action as a counterclaim in an action against it in the federal court, but after removal of the state suit into that court asked to amend its answer by omitting the counterclaim, such amendment allowed, and a motion to dismiss the removed suit on the ground of another action pending denied.

At Law. Action by the Import Service Corporation against the Nichi Bei Kiito Kabushiki Kaisha, with cross-suit. On motion by defendant in the first suit to amend its answer, and motion by defendant in the second suit to dismiss. Motion to amend granted, and motion to dismiss denied.

George W. Harper, Jr., of New York City, for Import Service Corporation.

Tison & Melick, of New York City (Harry C. W. Melick, of New York City, of counsel), for Nichi Bei Kiito Kabushiki Kaisha.

WINSLOW, District Judge. There are two motions before the court, arising in two actions involving apparently the same subject-matter. For convenience, the suit of Nichi Bei Kiito Kabushiki Kaisha v. Import Service Corporation will be referred to as the United States court action, and the suit of Import Service Corporation v. Nichi Bei Kiito Kabushiki Kaisha as the state court action. The United States court action was begun in this court by the service of a summons on December 16, 1922; the defendant (Import Service Corporation) therein answered on February 14, 1923. This answer contained a counterclaim. The plaintiff (Nichi Bei Kiito Kabushiki Kaisha) replied to the counterclaim on April 9, 1923. The defendant now moves for permission to serve an amended answer, the amendment consisting solely in the omission of the counterclaim. That is one matter before the court.

The state court action was begun in New York Supreme Court by the issuance of an attachment on February 9, 1923, against the defendant, Nichi Bei Kiito Kabushiki Kaisha, who is the plaintiff in the United States court action, and the summons was served February 10, 1923. The levy of the attachment was released by the giving of a bond by the defendant, Nichi Bei Kiito Kabushiki Kaisha. The answer has not yet been served. This action was only removed from the state court to this court on April 4, 1923. The defendant, Nichi Bei Kiito Kabushiki Kaisha, in the action thus removed, now moves to dismiss the complaint of plaintiff, Import Service Corporation, in this action begun in the state court, on the ground that another action is pending for the same cause between the same parties. This is the second motion. The "other" action is the counterclaim in the United States court action. It is conceded that the counterclaim in the defendant's answer in the United States court action is identical with the complaint in the state court action.

It is obvious that, if the defendant may amend the answer in the United States court action, either as a matter of right or by permission,

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and thus eliminate the counterclaim, the motion to dismiss the state court action will fall, for there will be no "other" action pending for the same cause.

[1] A counterclaim must be complete in itself, and in its legal effect is an action by the defendant against the plaintiff. Fettretch v. McKay, 47 N. Y. 426. It differs from an offset. It would seem to be elemental that only when an answer containing the counterclaim is served is such a cross-action begun, although it accompanies the answer. The state court action was begun on February 10, 1923. The answer with this counterclaim was served February 14. When it was served it was then, and only then, that two actions were pending for the same cause of action.

[2] The so-called amendment, by eliminating the counterclaim, is in effect a discontinuance of the cross-action thus instituted. If permitted, the parties can fully litigate the issues in the action removed from the state court to this court, and the status of the parties in relation to the bond given to release the attachment will not be disturbed, but will await the trial on the merits. If the plaintiff therein prevails, he will have the security of the attachment bond. If the defendant, however, succeeds, he will, in like manner, have his remedy.

It may be true that the motion to dismiss on the ground that another action was pending could not be made until both actions are pending in the same court; i. e., on April 4, 1923 (205 U. S. 322, 27 Sup. Ct. 529, 51 L. Ed. 821), when the state court action was removed to this court. But there was no other action at all for the same cause in any court until the counterclaim was served on February 14, which was subsequent to the beginning of the state court action on February 10 by the issuance of the summons and writ of attachment on that day. While the language of rule 107 of the Civil Practice Rules does not say a prior action must be pending before the motion can be made, it is obvious that the right to move to dismiss can only arise after the beginning of the later suit. The transfer to this court does not change the date of the beginning of the action in the state court; i. e., February 10.

The motion of defendant for permission to serve the proposed amended answer is granted, and defendant's motion to dismiss the suit removed from the state court to this court is denied. Multiplicity of suits may be avoided by consolidating the two actions, if desirable.