SYBIL A. WHITE, Plaintiff, *v.* NATIONAL BONDHOLDERS CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, March 15, 1948.

*Bernard A. Green* for plaintiffs.

*Henry Epstein* and *Sydney C. Winton* for defendants.

EDER, J. Motion granted. In the absence of special circumstances a defendant cannot compel the plaintiff to prosecute an action against his will; it is only when substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. This rule is well established.

Where a counterclaim is interposed, the court will decline to permit a discontinuance and will continue the action to enable the defendant to prosecute the counterclaim and obtain an adjudication thereof; likewise, where a defense is pleaded, the determination of which involves substantial rights.

In the instant case the situation is somewhat different from the usual one. Here issue has not been joined. The complaint and amended complaint have been stricken and no further amended complaint has been served. There is no complaint at this point and the legal effect is that only a summons has been served.

The cases cited by counsel are not applicable, as in those cases discontinuance was sought after, and not before, the joinder of issue; moreover, it appears that some substantial rights had accrued or crystallized. The situations are not similar.

It is urged in opposition that a defendant intends to interpose a counterclaim. I do not see how this can be done, except through service of an answer, and none can be served where there is no complaint and plaintiff states no complaint will be served.

It is also urged in opposition that the discontinuance is sought in bad faith, to circumvent the orders of this court with respect to service of an amended complaint, and to nullify the stay of the Federal court action.

I am unable to see that these grounds of opposition can prevail.

Section 260 of the Civil Practice Act declares that the only pleading on the part of the defendant is an *answer*. Section 261, entitled " Contents of Answer ", in subdivision 2 thereof, provides that the *answer* may contain a counterclaim, and section 262 provides that where a defendant deems himself entitled to an affirmative judgment by reason of a counterclaim interposed by him, he must demand the judgment in his *answer*.

Independent research discloses the case of *Hickman* v. *Hunter* (159 Iowa 201), where a comparable condition was involved.

There the plaintiff discontinued, or as it is there stated, voluntarily dismissed the cause and paid all costs before any answer or counterclaim had been filed. The defendants objected and gave notice of their intention to file a counterclaim and to insist on the trial thereof, and later filed their answer and counterclaim. The plaintiff failed and refused to appear or file any further pleadings. The court awarded judgment on the counterclaim. This determination was annulled by the Supreme Court, upon certiorari; the appellate court held the court below was without jurisdiction to render judgment on the counterclaim.

Two points were made in support of the action of the lower court. First, that to permit plaintiff to withdraw, as he did was to consummate a fraud, and, second, that defendant was entitled to recover his expenses in defending.

The appellate court stated it was not a question whether plaintiff practiced a fraud, " but it is a question of jurisdiction." The court said (p. 204): " Plaintiff had the right to dismiss [discontinue] his action." The court then referred to *Page* v. *Sackett* (69 Iowa 226) where defendants filed a counterclaim after plaintiffs had dismissed their action, which was stricken on motion of the plaintiffs. In that case the court said that the statute allowing a counterclaim to be interposed " clearly contemplates the trial of a counter-claim pleaded before the dismissal of the action, and reaches no further." It further stated (p. 228): " It does not contemplate that the defendant may, by pleadings subsequent to the dismissal, introduce causes of action not before involved in the case."

On the feature of intention to interpose a counterclaim, urged as a ground of opposition to the discontinuance, the court said (p. 204): " The fact that defendants objected to the dismissal and gave notice that they would thereafter file a counterclaim is not material. Plaintiff had the right to dismiss, and when he did dismiss he was out of court."

This impresses me as sound reasoning, and is applicable to the situation in the case at bar.

Insofar as the counterclaim is concerned, the defendants may interpose the same in the Federal court suit. I do not see that any prejudice results by the discontinuance of this action.

Defendants may have been put to large expense in preparation of the contemplated defense of this action but cannot be reimbursed therefor as a condition of granting plaintiff's motion to discontinue this action; the court has only power to impose the ordinary condition of the payment of taxable costs. This

being an equitable suit, costs are discretionary, and plaintiff will be required to pay costs to be taxed as in an action at law (see *Laxer* v. *Bergen & Zaager, Inc.,* 178 Misc. 391, affd. 264 App. Div. 710).

The court is constrained to rule as it does and were it possessed of power to do so would have denied the motion or imposed other terms. But the question is one of power.

The application is granted. Settle order.