Jambs J. Crisona, J.
Following the dismissal of the complaint for legal insufficiency with leave to plead over and the denial without prejudice of the motion to dismiss it on the ground that there is an existing final judgment rendered on the merits by a court of competent jurisdiction determining the same cause of action between the parties and of the cross motion for counsel fees, pursuant to section 1169-a of the Civil Practice Act, the plaintiff served an amended complaint containing two causes of action.
The defendant thereupon moved, by notice of motion dated January 25,1960, to dismiss the complaint for legal insufficiency and under section 241 of the Civil Practice Act, and upon the further ground that there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties. Before the return date of the last-mentioned motion the plaintiff served a second amended complaint which contains three causes of action. Thereupon the defendant moved to strike the second amended complaint on the ground that it was served without permission or otherwise without authority of law.
The plaintiff then made a separate motion for a counsel fee, pursuant to section 1169-a of the Civil Practice Act, on the ground that her first cause of action was to declare the nullity of a judgment of divorce rendered against her in an action outside the State of New York in which she did not appear; for temporary alimony in the sum of $100 per week for the support and maintenance of herself and of the child of the parties; and for an additional counsel fee in the sum of $1,000 with respect to her cause of action for a separation.
Inasmuch as defendant’s counsel have indicated in their reply brief their willingness to accept the second amended complaint their motion to strike it is deemed withdrawn and such second amended complaint substituted as the pleading to which defendant’s motion to dismiss is directed.
The first cause of action is for judgment declaring the nullity of a divorce decree which the defendant obtained against the plaintiff in the State of Alabama on September 6, 1955. The grounds therefor are that the defendant was not a bona fide *823 domiciliary of the rendering State; that on or about July 28, 1955, when she signed the paper purporting to be an answer to the complaint in the divorce action, no action for divorce had yet been commenced or a complaint therein served; and that her signature to such paper was obtained by duress and intimidation practiced upon her by the defendant.
The second cause of action is to set aside a separation agreement, dated July 28, 1955, which plaintiff claims she signed at the same time and under the same circumstances as the answer to the divorce action referred to in the first cause of action. Additionally she charges that the terms of said agreement were unfair, unjust and inadequate. The third cause of action is for a separation upon the grounds of cruel and inhuman treatment and conduct making it unsafe for the plaintiff to live and cohabit with the defendant.
It is clear, as counsel for the defendant concedes in the reply brief, that the crucial cause of action is the first, and if that fails so must the second and third.
Neither a copy of the divorce decree nor of the judgment roll upon which it was entered is presently before the court. It cannot, therefore, be stated with any degree of certainty when and if process in that action was ever served upon the plaintiff, or, indeed, when that action was commenced, and whether at the time that plaintiff executed the answer on July 28, 1955, a complaint in the Alabama action was served. All we know, and that is only because we must take as true the factual allegations of the complaint on a motion challenging the legal sufficiency thereof, is that the plaintiff claims that the Alabama divorce action was commenced on August 18, 1955, and that her answer — a copy of which is annexed to her pleading— was sworn to in Nassau County, New York, on July 28, 1955, before one of the attorneys, now appearing for the defendant, as notary public.
It has been held in this State that until a complaint is served no right to answer exists (Stevenson v. Diamond Fuel Co., 198 App. Div. 345), and that except in situations not here pertinent, a defendant may not in the first instance come into court before service of the summons or the equivalent as constituting the commencement of an action. (Tractor Training Serv. v. Crandall, 140 N. Y. S. 2d 827, 832.)
Whether plaintiff’s delivery of the answer here involved to one of the defendant’s New York attorneys, prior to the commencement of the Alabama action, constitutes an authorization for him to retain an unnamed attorney in the State of Alabama to file the answer and/or appear for the plaintiff as defendant *824 therein, is an issue that cannot be decided at this stage of the action. In any event, it is alleged in plaintiff’s amended complaint that at the time she signed the answer and the separation agreement “ and for a considerable time prior thereto and subsequent thereto, plaintiff was in a run-down physical condition, highly nervous, weak of body and mind, all brought on by the conduct of the defendant towards her * * * and plaintiff was in no condition, physically to comprehend and understand the full import of said answer and separation agreement, and that at the time of the execution * * * defendant and his attorney, who prepared the said answer and separation agreement, did not fully explain to plaintiff the intent and import of said answer and separation agreement and did not explain to her the legal terms and phrases therein contained, all of which this plaintiff did not fully understand ’ ’; further, ‘ ‘ That at no time before or during the signing of the purported answer or separation agreement was the plaintiff represented by counsel.”
The conduct above referred to consisted of threats that the defendant “would permanently abduct” their child “away from the plaintiff” and that “he would not provide for her support in the future and would continue to harass and intimidate her if she did not sign the purported answer and separation agreement.” Such alleged threats- — -which the court believes have been adequately pleaded in ultimate form — in plaintiff’s physical and mental condition as described in her complaint (cf. Pomerance v. Pomerance, 301 N. Y. 254) may well constitute duress sufficient to vitiate the answer filed in the Alabama action, even assuming that it was pending on July 28, 1955 when such answer was signed in New York State. (Cammarata v. Cammarata, 112 N. Y. S. 2d 111; Friedlander v. Friedlander, 73 N. Y. S. 2d 423.)
The defendant’s motion is accordingly denied -with leave to plead the Alabama divorce decree, and any other facts as may be appropriate, as defenses, within 10 days after the service of a copy of the order to be entered hereon.
Plaintiff’s motion for alimony and counsel fees is referred to the trial court. Until it be determined that the answer in the Alabama action was a nullity because of the circumstances under which it was signed, the plaintiff is not entitled to a counsel fee, pursuant to the provisions of section 1169-a of the Civil Practice Act which contemplate a divorce rendered against the wife as defendant in any action outside the State of New York in which she did not appear-, and, of course, until the separation agreement is set aside, the plaintiff is not entitled *825 to temporary alimony and counsel fees under the provisions of section 1169 of the Civil Practice Act. (Sullivan v. Sullivan, 285 App. Div. 967; De Robertis v. De Robertis, 254 App. Div. 811.) Submit order.