Eli Wager, J.
This case calls to mind the story of that fabled felon who, upon conviction for the murder of his parents, pleaded for mercy on the ground that he was an orphan. At bar, the plaintiff commenced an action in this court, took advantage of the procedural remedies available to the extent that he accomplished his ultimate purpose without litigating the issues and now argues the court has no jurisdiction to permit the issues to be heard.
Plaintiff moves, by his attorneys, for a dismissal of a pleading labeled "verified answer and counterclaim” which is apparently the first pleading served in this action by either party. Plaintiff commenced this action by the service of a summons bearing the legend "Action for a Divorce” with notice .setting forth the "grounds of cruel and inhuman treatment of the plaintiff by defendant”. Simultaneously, plaintiff served a petition and writ of habeas corpus on the defendant seeking custody of their only child, age four. Defendant thereafter appeared in the action by counsel who served the customary notice of appearance and demand for a complaint upon plaintiff’s attorneys and responded separately to the habeas corpus petition.
Prior to the adjourned return date of the writ, the parties agreed to accord the plaintiff visitation with the one child of the parties. Plaintiff apparently retained custody of the child and has not returned the child, nor has he advised his attorneys or the defendant or her attorneys of his or the child’s whereabouts. A hearing was thereafter held in this court on the plaintiff’s petition for a writ of habeas corpus (Hon. Steven B. Derounian, J.) which resulted in an order awarding custody of the child to the defendant wife and denying the plaintiff rights of visitation. Said hearing was conducted in the absence of the plaintiff.
After the time for the plaintiff to serve his complaint expired the defendant’s attorneys prepared and served upon their adversaries a pleading labeled "verified answer and counterclaim” setting forth a cause of action against the *158 plaintiff for divorce on the grounds of cruel and inhuman treatment. Plaintiff’s attorneys move now to strike the "verified answer and counterclaim” on the ground that "no answer may be interposed whether or not the same contains a counterclaim where no complaint has been served”. Thus the court is presented with a situation in which the plaintiff, having obtained custody of his child, apparently his major objective in this litigation, has removed himself to some sanctuary from which he is, in effect, defying the New York courts, their process and indeed our system of justice. Is this court powerless to deal with such a plaintiff?
i — JURISDICTION
Plaintiff and defendant are both residents of the State of New York. The parties were married in this State and at the time of the commencement of the action were residents of this State. The parties were married in 1970 and have resided in the State of New York for a period of at least one year before the commencement of this action. Clearly, New York has in rem and in personam jurisdiction over the parties. (Domestic Relations Law, § 230.) Moreover, the jurisdiction of this court was invoked by the plaintiff in the first instance by service of the summons and the petition and writ of habeas corpus were affected personally upon the defendant in the State of New York.
II — COUNTERCLAIM AS A PLEADING
"An answer may include a counterclaim against a plaintiff (CPLR 3011).
"CPLR 3019 Counterclaims and Cross-claims.
"(a) Subject of counterclaims. A counterclaim may be any cause of action in favor of one or more defendants or a person whom a defendant represents against one or more plaintiffs, a person whom a plaintiff represents or a plaintiff and other persons alleged to be liable. * * *
"(d) Cause of action in counterclaim or cross-claim deemed in complaint. A cause of action contained in a counterclaim or a cross-claim shall be treated, as far as practicable, as if it were contained in a complaint, except that separate process, trial or judgment may not be had unless the court so orders. Where a person not a party is alleged to be liable he shall be served with a summons and a copy of the answer containing *159 the counterclaim or cross-claim, whereupon he shall become a defendant and he shall serve a reply or answer as if he were originally a party.”
A counterclaim is in essence a complaint by a defendant against the plaintiff and alleges a present viable cause of action upon which the defendant seeks judgment. It is not a responsive pleading merely because it is contained in a responsive paper; to wit, the answer. It is not a defense. It need have no relationship to the basic cause of action of the plaintiff and indeed the counterclaim may assert any claim which the defendant has against the plaintiff regardless of origin or character. The pleader of a counterclaim is a plaintiff in his own right (Fettretch v McKay, 47 NY 426).
"This proposition involves the idea that such a person is the plaintiff, and to term him 'plaintiff is accurate terminology for the purpose of the statement of a general rule; but to limit the rule so that it cannot apply unless the actor be a formal plaintiff is to deny the reason of the rule.” (Cornell v Bonsall, 176 App Div 798, 800.)
Stevenson v Diamond Fuel Co. (198 App Div 345) relied upon by the plaintiff’s attorneys in support of their proposition is inapposite since in that case plaintiff moved for leave to discontinue an action before any complaint had been served. In White v National Bondholders Corp. (191 Misc 536) plaintiff’s cause of action had been in effect, dismissed with the striking of the complaint and it was evident that no complaint would be forthcoming.
At bar, we have a viable action commenced by the plaintiff, as a consequence of which substantial rights of the defendant have been prejudiced and a greater injustice will be done to the defendant in the event she is barred or impeded from pursuing her cause of action against this devious plaintiff.
This court is not impotent in the face of a challenge to its equitable powers. To do equity implies flexibility and the application of reasoned principle to the facts of the case. To permit the plaintiff at bar to defeat the defendant’s cause of action by calculated inaction would be a travesty.
"The court gains jurisdiction to grant a divorce to the defendant upon his counterclaim, where the counterclaim is served upon the plaintiff or filed in the action, without the service of summons or other notice as is required in the commencement of an action. An actual notice to counsel of record for the plaintiff may be all that is required to give the *160 court jurisdiction to grant a divorce to the defendant on the latter’s counterclaim”. (24 Am Jur 2d, Divorce and Separation, § 326, p 468.)
Mr. Justice Smith observed in Katz v Katz (NYLJ, Jan. 3, 1969, p 19, col 7). "It would serve no useful purpose to preclude defendant from starting her separation action by means of the counterclaim”. (See, also, Strother v Strother, NYLJ, May 22, 1969, p 18, col 2; Karjalainen v Karjalainen, NYLJ, July 27, 1973, p 9, col 2; and Parton v Parton, NYLJ, Nov. 21, 1973, p 20, col 4.)
Accordingly, plaintiff’s motion to strike the counterclaim is denied.