■ LOIS M. BRENNAN et al., Respondents, v DONALD A. MEAD et al., Doing Business as MEAD & DORE, et al., Respondents, and WESTCHESTER FIRE INSURANCE, Appellant.—Appeal by the Westchester Fire Insurance Company from an order of the Supreme Court, dated August 10, 1978 and entered in Orange County which (1) denied its motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, and (2) granted the motion of codefendants Mead, Dore and Voute to dismiss appellant's cross claim against them. Order modified, on the law, by deleting from the second decretal paragraph thereof the word "granted" and substituting therefor the word "denied". As so modified, order affirmed, without costs or disbursements. Plaintiffs, as assignees of the appellant's insured Clarence Welch, brought this action against appellant and codefendants Mead, Dore and Voute, alleging that: (1) appellant acted in bad faith in failing to settle a prior action against Welch within the policy limits; (2) appellant was negligent in defending the insured; and (3)

appellant was guilty of fraud, in that it systematically refused to settle claims for the full policy limits, while knowingly misleading purchasers of insurance such as Clarence Welch into believing that it would undertake the obligation to defend them. Appellant in turn cross-claimed against its attorneys, Mead, Dore and Voute for negligence. On January 6, 1977 the Supreme Court, Orange County, dismissed plaintiffs' complaint against Mead, Dore and Voute pursuant to CPLR 3211 (subd [a], par 7) and on November 21, 1977 that order was affirmed without opinion by this court (Brennan v Mead, 59 AD2d 1069). Thereafter, appellant moved to dismiss the complaint for failure to state a cause of action and Mead, Dore and Voute cross-moved to dismiss appellant's cross claim against them. Special Term denied appellant's motion but granted the cross motion. The first cause of action of plaintiffs' complaint is sufficient to withstand a challenge pursuant to CPLR 3211 (subd [a], par 7). Therefore, we need not consider the sufficiency of the remaining causes of action in the complaint (see De Maria v Josephs, 41 AD2d 655). However, Special Term improperly dismissed appellant's cross claim. Plaintiffs' action against Meade, Dore and Voute was dismissed on the ground that those attorneys were mere agents of appellant and owed no duty to plaintiffs' assignor. However, Mead, Dore and Voute clearly owed a duty of care to appellant. Further the fact that plaintiffs' action against Mead, Dore and Voute was dismissed does not in and of itself mandate dismissal of the cross claim. A cause of action contained in a cross claim shall be treated, as far as practicable, as if it were contained in a complaint (CPLR 3019, subd [d]), and in cases where the plaintiff's action against a defendant is dismissed on the merits, the court may still adjudicate cross claims against that defendant (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3019.32; Edelman v Edelman, 88 Misc 2d 156). In this case, appellant's cross claim was directly related to plaintiffs' second cause of action. Therefore, the trial court's dismissal of the cross claim was an abuse of discretion. Mangano, J. P., Rabin, Margett and Martuscello, JJ., concur.