■ In the Matter of WESTCHESTER EXPRESS, INC., Appellant, v STATE INSURANCE FUND, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on May 16, 1988, which denied petitioner's motion for a stay of cancellation of the workers' compensation insurance policy, dismissed petitioner's application with prejudice, deemed respondent's counterclaim timely served and granted respondent's motion for summary judgment on its counterclaim for unpaid premiums, unanimously modified, on the law, to deny summary judgment on the counterclaim, the petition is reinstated, and the matter remanded with leave to petitioner to serve its reply to the counterclaim not later than 20 days after service of a copy of the order to be entered hereon with notice of entry, whereupon either party may serve and file a note of issue for a trial to be had upon the factual issues raised, and otherwise affirmed, without costs.

It is not clear from the decision of the IAS court dated March 10, 1988, or the order filed by it on May 16, 1988, whether the court intended to grant summary judgment or judgment by way of default upon respondent's counterclaim for the collection of unpaid workers' compensation policy premiums and other relief. As a matter of practice summary judgment under CPLR 3212 (a) would not lie because issue had not been joined on the counterclaim, properly treated by the court as a complaint *(Edelman v Edelman,* 88 Misc 2d 156, 159). But in either event, this aspect of the order permitting accelerated judgment was erroneous. Considered as a whole, the record here, including petitioner's affidavit read as a petition *(see,* CPLR 2001) in support of its order to show cause, reveals a clear issue of fact as to whether the limousine drivers who utilize petitioner's radio dispatch service are independent contractors or employees *(Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730). This question, involving the entire nature and character of the driver's work, is not susceptible of summary determination *(Matter of Gordon v New York Life Ins. Co.,* 300 NY 652). We do not read our decision in *Commissioners of State Ins. Fund v Rivington Farm Dairy* (16 AD2d 58) to eliminate the need for a fact-finding hearing herein, because in that case the record included a copy of the "lease" in effect between the respondent dairy and its milk route drivers, permitting the determination of the legal status of those drivers as a matter of law. In the case before us we are satisfied that a trial of the basic issue is required. Concur—Carro, J. P., Milonas, Wallach, Smith and Rubin, JJ.