OPINION OF THE COURT
Phyllis B. Gangel-Jacob, J.
Plaintiffs motion for renewal and reargument is granted and upon renewal and reargument, plaintiffs application is denied.
"A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided” (Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979], Iv denied 56 NY2d 507). A motion to renew "must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court.” (Foley v Roche, supra, at 568.)
As set forth below, plaintiff has failed to establish that this court misapprehended any issues of fact or misapplied any controlling principles of law in rendering its decision and order dated September 11, 1989. Nor has plaintiff raised any additional material facts not known to him or the court at the time the prior motions were made.
The undisputed facts before this court are that plaintiff served a summons with notice upon defendant on January 3, 1989; defendant then served a demand for a complaint on February 6, 1989;* plaintiff served his complaint on March 1, 1989 and defendant served its CPLR 3211 (a) (5) motion to dismiss on March 16, 1989.
Essentially, plaintiff claims the court was without its *972 jurisdiction in determining that the one-year Statute of Limitations barred his claim for wrongful eviction because the defendant purportedly was already in default when it brought its motion to dismiss. Specifically plaintiff argues that this court was in error in permitting defendant to raise the Statute of Limitations defense in its motion because according to CPLR 3012 (a) defendant was required to raise that defense "in the time period within which an appearance, motion or answer must be served,” and that defendant’s motion did not operate to extend the time in which it could serve its responsive pleading. Plaintiff, who is pro se, apparently believes that either defendant’s answer or its CPLR 3211 (a) (5) motion was required to be served upon him within 20 days of service upon defendant of plaintiff’s summons with notice. Plaintiff is mistaken.
CPLR 3012 (a) addresses itself primarily to the pleadings in an action. It provides in relevant part; "The complaint may be served with the summons * * *. Service of an answer or reply shall be made within twenty days after service of the pleading to which it responds” (emphasis added). Under CPLR 3011 a plaintiff’s initial pleading in an action is the complaint, not the summons with notice served without the complaint. The first responsive pleading required of the defendant then is its answer, which is not required to be served until after the complaint has been served. (See, Siegel, NY Prac § 229; Towers v Towers, 25 Misc 2d 821.) Defendant thus had no obligation under CPLR 3012 (a) to serve a responsive pleading to the summons with notice served on it on January 3, 1989. (Stevenson v Diamond Fuel Co., 198 App Div 345.)
CPLR 3012 (b) provides that "[i]f the complaint is not served with the summons, the defendant may serve a written demand for the complaint within [20 days]. Service of the complaint shall be made within twenty days after service of the demand. Service of the demand shall extend the time to appear until twenty days after service of the complaint” (emphasis added). Under CPLR 3211 (e) a defendant is permitted to move for dismissal before service of its answer, and a defendant’s time to answer the complaint is then extended to 10 days after service of notice of entry of the order on the motion (CPLR 3211 [f]). This is exactly the sequence of events that has occurred in this action. Thus, contrary to plaintiff’s belief, defendant was not already in default and estopped from bringing its motion to dismiss on Statute of Limitations grounds, it having properly served a demand for a complaint *973 in the first instance in response to the service upon it of the summons with notice and having thereafter properly served its motion to dismiss within 20 days after service upon it of the complaint issued pursuant to its demand.
Without citing any authority therefor, plaintiff also contends that the court erred in applying the one-year Statute of Limitations to his wrongful eviction action on the ground that that statute applies only to "dwelling units”. Plaintiff claims that since the maid’s room at issue was not a "dwelling unit” within the meaning of Housing Maintenance Code § 27-2001 (Administrative Code of City of New York § 27-2001), and was merely used by plaintiff as a storage room, the one-year statute does not apply to him. This argument is specious. RPAPL 853 which authorizes treble damages actions for wrongful eviction makes no such distinction (see, e.g., Maracina v Shirrmeister, 105 AD2d 672).
Accordingly, there is no reason for this court to disturb its prior decision, and plaintiff’s application is denied in its entirety.
The court need not address the other issues raised by plaintiff on this motion since they relate to the court’s prior decision dated August 15, 1989 which was vacated and superseded by the September 11, 1989 decision. The court declines to address plaintiff’s objection that defendant’s papers in response to this motion were improperly served upon him by "FAX”.

 In its decision dated September 11, 1989 this court excused defendant’s tardiness in serving its demand for a complaint upon plaintiff as minimal. The court was within its discretion to do so (CPLR 2004).