■ LINDA BALFOUR, Respondent, v SKYLINE CAR SERVICE OF MANHATTAN, INC., Appellant, and WILFREDO ALBAY et al., Respondents. (Action No. 1 [a].) BENEITA A. WHITAKER et al., Respondents, v TEMPO TAXI COMPANY, INC., et al., Respondents, and SKYLINE CREDIT RIDE, INC., Appellant. (Action No. 1 [b].) BARRY ROHRSSEN, Respondent, v EMIR MEDINA et al., Respondents, and SKYLINE CAR SERVICE OF MANHATTAN, INC., Appellant. (Action No. 2.) MARION B. POLSKY, as Administratrix of the Estate of RUTH POLSKY, Deceased, Respondent, v SKYLINE CAR SERVICE OF MANHATTAN, INC., et al., Appellants, and WILFREDO ALBAY et al., Respondents. (Action No. 3.)— Order, Supreme Court, Bronx County (Anita Florio, J.), entered November 9, 1989, denying defendant's motion for summary judgment, pursuant to CPLR 3212, unanimously affirmed, without costs.

Plaintiffs Linda Balfour, Valerie Bickford, Beneita Whitaker, Barry Rohrssen and decedent Ruth Polsky suffered varying degrees of injury when on September 7, 1986 two motor vehicles collided at the intersection of Sixth Avenue and Twenty-First Street in New York County causing one of the vehicles to mount a sidewalk. One vehicle was a taxicab owned by defendant Tempo Taxi Company, Inc. and operated by defendant Emir Medina. The second vehicle was a radio livery car jointly owned by defendants Tuan-Anh Nguyen and

Wilfredo Albay, and driven by Nguyen. This vehicle obtained passengers exclusively through a radio dispatch service operated by defendants Skyline Credit Ride, Inc. (Skyline).

In these consolidated actions Skyline moved for summary judgment dismissing the complaints and all cross claims against it on the grounds that it could not be held vicariously liable for the tortious acts of Nguyen. Skyline maintained that it is a not-for-profit membership corporation composed of independent owner-operators of radio-car service vehicles and that it exercised little if any control over its members.

Summary judgment was properly denied. Triable issues of fact were raised as to the existence of an employer-employee relationship between Skyline, Nguyen and Albay. It is for the trier of fact to determine whether the nature and extent of Skyline's control over its member operators created an employer-employee relationship. *(Matter of Westchester Express v State Ins. Fund,* 151 AD2d 357 [1st Dept 1989]; *see also, Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249 [3d Dept 1977], *lv denied* 43 NY2d 648 [1978]; *Matter of Ziegler v Fillmore Car Serv.,* 83 AD2d 692 [3d Dept 1981], *lv denied* 54 NY2d 609 [1981].) Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.