■ Antoinette Joazard et al., Appellants, v Orchid Joazard et al., Respondents. [919 NYS2d 903]—

In an action, inter alia, to recover damages for unjust enrichment, which was transferred from the Supreme Court, Queens County, to the Surrogate's Court, Kings County, the plaintiffs appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated February 1, 2010, as denied that branch of their motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a proposed fifth cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a proposed fifth cause of action is granted.

In denying that branch of the plaintiffs' motion which was for leave to amend the complaint to add a proposed fifth cause of action seeking to recover under a promissory note, which was allegedly assigned to the plaintiffs, the Surrogate's Court failed to acknowledge the plaintiffs' allegations that a document discharging the underlying debt was executed in error. Considering those allegations, it cannot be said that the proposed fifth cause of action is palpably insufficient or patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d 220 [2008]; *cf. Matter of Barclays Bank of N.Y. [Ruquet]*, 96 AD2d 594 [1983]; *Krause v Hullar*, 135 Misc 837 [1930]). Contrary to the defendants' contention, "[n]o evidentiary showing of merit is required under CPLR 3025 (b)" (*Lucido v Mancuso*, 49 AD3d at 229). We express no opinion as to the ultimate merit of the proposed cause of action.

That branch of the plaintiffs' motion which was for leave to amend the complaint to add a proposed sixth cause of action was not addressed by the Surrogate's Court and, thus, remains pending and undecided (*see Fremont Inv. & Loan v Delsol*, 65 AD3d 1013, 1015 [2009]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The defendants' remaining contentions are without merit. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.