■ In the Matter of GEORGE HERSH, Deceased. ESTHER RACHEL HERSH, Respondent-Appellant; MARK HERSH et al., Appellants-Respondents, et al., Respondents. [11 NYS3d 630]—In a probate proceeding in which Esther Rachel Hersh, the executor of the estate of George Hersh, petitioned pursuant to SCPA 2103 to recover certain property on behalf of the estate, (1) Mark Hersh, G.M. Canmar Residence Corp., G.M. Beverly Corp., Frant Hotel, LLC, Main Street Liberty, LLC, 229 West 109th Street Realty Corp., and Brenman Capital Corp. appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated June 26, 2013, as granted that branch of the petitioner's motion which was for leave to amend the petition to include new causes of action alleging fraud, and (2) the petitioner cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for leave to amend the petition to add Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC, as respondents.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the matter is remitted to the Surrogate's Court, Queens County, for a determination on the merits of that branch of the petitioner's motion which was for leave to amend the petition to add Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC, as respondents; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The Surrogate's Court did not improvidently exercise its discretion in granting that branch of the petitioner's motion which was for leave to amend the petition to add new causes of action alleging fraud. There was no prejudice or surprise to the respondents and the proposed amendments were not palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Lauder v Goldhamer, 122 AD3d 908 [2014]).

However, the Surrogate's Court erred in concluding that the doctrine of law of the case precluded it from considering the merits of that branch of the petitioner's motion which was for leave to amend the petition to add Elmar Realty, LLC, JGM Realty, LLC, and West Colonial Enterprises, LLC, as respondents, since the petitioner supported that branch of her motion with "subsequent evidence affecting the prior determination"

*(Lipp v Port Auth. of N.Y. & N.J.*, 57 AD3d 953, 954 [2008]; *see Frankson v Brown & Williamson Tobacco Corp.*, 67 AD3d 213, 217-218 [2009]). Accordingly, the court erred in denying that branch of the petitioner's motion, and we remit the matter to the Surrogate's Court, Queens County, for a determination of the merits of that branch of the petitioner's motion. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.