■ In the Matter of ESHAGH ESHAGHIAN, Also Known as E. IKE ESHAGHIAN, Deceased. DAVID ESHAGHIAN, Respondent; MAHROKH ESHAGHIAN et al., Appellants. [43 NYS3d 378]—

In a probate proceeding in which David Eshaghian petitioned, inter alia, pursuant to SCPA 2102 (1) to compel the

turnover of information concerning the assets of the estate of Eshagh Eshaghian, also known as E. Ike Eshaghian, the coexecutrices of the estate, Mahrokh Eshaghian and Tanaz Eshaghian, appeal from an order of the Surrogate's Court, Queens County (Kelly, S.), dated July 9, 2014, which denied their motion for leave to reargue their prior motion for summary judgment for several declarations, which was denied in an order of the same court dated January 15, 2014, for resettlement of the order dated January 15, 2014, and for leave to serve an amended pleading.

Ordered that the appeal from so much of the order dated July 9, 2014, as denied those branches of the appellants' motion which were for leave to reargue their prior motion for summary judgment and for resettlement of the order dated January 15, 2014, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument, or from an order denying resettlement of the substantive or decretal provisions of a prior order or judgment (*see County of Suffolk v Long Is. Power Auth.*, 100 AD3d 944, 944-945 [2012]; *Braun v Edwards Trucking & Warehousing, Inc.*, 68 AD3d 699, 700 [2009]); and it is further,

Ordered that the order dated July 9, 2014, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the appellants' motion which was for leave to serve an amended pleading, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated July 9, 2014, is affirmed insofar as reviewed, without costs or disbursements.

Eshagh Eshaghian, also known as E. Ike Eshaghian (hereinafter the decedent), died in May 2003. Mahrokh Eshaghian and Tanaz Eshaghian are the coexecutrices of his estate. In this proceeding, which was brought by the decedent's brother, David Eshaghian, the coexecutrices moved for summary judgment for several declarations. The Surrogate's Court denied their motion in an order dated January 15, 2014. Subsequently, the coexecutrices moved for leave to reargue their summary judgment motion, for resettlement of the order dated January 15, 2014, and for leave to serve an amended pleading. The court denied this motion, and the coexecutrices appeal.

After the Surrogate's Court directed the dismissal of the petition itself, the coexecutrices sought leave under CPLR 3025 (b) to serve an amended pleading to assert additional claims against the petitioner. The court denied that branch of their motion on the ground that the coexecutrices' proposed amended pleading "change[d] their status to become the petitioners,"

and because the relief they requested was required to be "initiated by a petition."

Motions for leave to amend pleadings are governed by the liberal standard of CPLR 3025 (b). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Matter of Hersh*, 129 AD3d 840, 840 [2015]; *Joazard v Joazard*, 83 AD3d 664, 665 [2011]; *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]). Moreover, the party seeking leave to amend a pleading is not required to make an evidentiary showing of merit (*see Joazard v Joazard*, 83 AD3d at 665; *Lucido v Mancuso*, 49 AD3d at 229).

Despite the dismissal of the petition itself by the Surrogate's Court, the coexecutrices' counterclaims remained viable (*see Matter of Eshaghian*, 144 AD3d 1154 [2016] [decided herewith]; *Kane v Kane*, 163 AD2d 568, 570 [1990]; *see generally Turnberry Residential Ltd. Partner, L.P. v Wilmington Trust FSB*, 99 AD3d 176, 186 [2012]; *cf. generally Schwartz v Lois Assoc.*, 149 AD2d 307, 309-310 [1989]). " 'A counterclaim is in essence a complaint by a defendant against the plaintiff and alleges a present viable cause of action upon which the defendant seeks judgment' " (*Kane v Kane*, 163 AD2d at 571, quoting *Edelman v Edelman*, 88 Misc 2d 156, 159 [Sup Ct, Nassau County 1976]; *see* CPLR 3019 [d] ["A cause of action contained in a counterclaim or a cross-claim shall be treated, as far as practicable, as if it were contained in a complaint"]; Siegel, NY Prac §§ 224, 229 [5th ed 2011]). In properly asserting their counterclaims (*see* SCPA 102, 201 [3]; CPLR 3011; *Matter of Zalaznick*, 84 Misc 2d 715, 718-719 [Sur Ct, Bronx County 1975]; 1-5 Warren's Heaton, Surrogate's Court Practice § 5.04), the coexecutrices were, in substance, petitioners. Further, since the court had already directed the dismissal of David Eshaghian's petition, the coexecutrices were the only remaining "petitioners" in the proceeding. In denominating themselves as "petitioners" in their proposed amended pleading, the executrices were merely recognizing this circumstance. Moreover, there is no indication that the coexecutrices' proposed amended pleading was palpably insufficient or patently devoid of merit, or that David Eshaghian would be unfairly surprised or prejudiced as a result of the coexecutrices' delay in seeking to serve an amended pleading (*see Matter of Hersh*, 129 AD3d at 840; *Lucido v Mancuso*, 49 AD3d at 221). Accordingly, the court improvidently exercised its discretion in denying that branch of the coexecu-

trices' motion which was for leave to serve an amended pleading. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.