■ In the Matter of ESHAGH ESHAGHIAN, Also Known as E. IKE ESHAGHIAN, Deceased. DAVID ESHAGHIAN, Respondent; MAHROKH ESHAGHIAN et al., Appellants. [43 NYS3d 377]—

In a probate proceeding in which David Eshaghian petitioned, inter alia, pursuant to SCPA 2102 (1) to compel the turnover of information concerning the assets of the estate of Eshagh Eshaghian, also known as E. Ike Eshaghian, the coexecutrices of the estate, Mahrokh Eshaghian and Tanaz Eshaghian, appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated January 15, 2014, as denied their motion for summary judgment for several declarations, and, sua sponte, directed the dismissal of their counterclaims.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the appellants' counterclaims is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing the dismissal of the appellants' counterclaims; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Eshagh Eshaghian, also known as E. Ike Eshaghian (hereinafter the decedent), died in May 2003. The decedent's wife, Mahrokh Eshaghian, and his daughter, Tanaz Eshaghian, are the coexecutrices of his estate. For more than a decade, the

coexecutrices have been at odds with the decedent's brother, David Eshaghian (hereinafter the petitioner), with respect to, among other things, the status of certain entities (partnerships, limited liability companies, and corporations) in which the decedent had an interest, the valuation of the estate's interest in those entities, and the entitlement of the estate or the petitioner to reimbursement or other payments relating to them. The petitioner commenced this proceeding seeking various relief, and the coexecutrices asserted various counterclaims in their answer. The parties eventually filed competing motions for summary judgment for certain declarations. The Surrogate's Court denied the motions, directed the dismissal of the petition, and, sua sponte, directed the dismissal of the counterclaims on procedural grounds. The coexecutrices appeal from so much of the order as denied their summary judgment motion and, sua sponte, directed the dismissal of their counterclaims. The petitioner has not appealed.

The Surrogate's Court erred in directing the dismissal of the counterclaims sua sponte. The petitioner had not sought dismissal of the counterclaims, and the coexecutrices were given no opportunity to address the issue of whether their counterclaims were procedurally defective (*see Jacobs v Mostow*, 23 AD3d 623, 623-624 [2005]; *Skyline Enters. of N.Y. Corp. v Amuram Realty Co.*, 288 AD2d 292, 293 [2001]). In any event, the counterclaims were properly raised in the coexecutrices' answer to the petition (*see* SCPA 102, 302 [1] [a]; CPLR 3011; *Matter of Berk*, 71 AD3d 883, 886 [2010]; *Matter of Pokrass*, 105 AD2d 659, 661 [1984]), and they survived dismissal of the petition itself (*see* CPLR 3019 [d]; *Hawkins-Bond v Konefsky*, 48 AD3d 417, 417-418 [2008]).

The Surrogate's Court, however, did not err in denying the coexecutrices' motion for summary judgment for several declarations. The coexecutrices failed to establish their prima facie entitlement to the relief sought (*see* SCPA 2102, 2103, 2104, 2107).

The coexecutrices' remaining contentions are without merit. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.